786 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RAYMOND DIXON, JR., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-5367
 United States Court of Appeals, Sixth Circuit.
 2/14/86
 
 E.D.Ky.
 AFFIRMED
 On Appeal from the United States District Court for the Eastern District of Kentucky
 Before: KENNEDY and CONTIE, Circuit Judges; and GIBSON, District Judge*.
 PER CURIAM.
 
 
 1
 Appellant is a thirty-five year old man who has been diagnosed as having multiple sclerosis. He has a ninth grade education and no work experience beyond unskilled labor. His insured status expired December 31, 1982. Dixon applied for disability benefits on July 11, 1983. The disability application was denied initially and in a hearing decision by an Administrative Law Judge ('ALJ'). The Appeals Council denied review of the case, making the ALJ's decision final. Appellant seeks review under 42 U.S.C. 405(g), section 205(g) of the Social Security Act, as amended. The District Court adopted the Report and Recommendation of the U.S. magistrate to whom the case was referred, and entered judgment denying benefits on April 3, 1985.
 
 
 2
 This Court reviews the final decision of the Secretary to determine whether substantial evidence on the record supports the decision. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978). We hold that substantial evidence does support the decision that as of December 31, 1982, claimant was not disabled as he did not have a severe impairment. 20 C.F.R. Sec. 404.1521. A severe impairment is one that significantly limits the physical or mental ability to perform basic work activities. 20 C.F.R. Sec. 404.1520(c).
 
 
 3
 The record reveals that claimant's own admissions are fatal to his contention that his disease was disabling before December 31, 1982. He testified that in March of 1983 he applied for a job with a construction company that would have required strenuous labor. The company never called him, but he stated that if he had been called he would have tried to go back to work.[1]
 
 
 4
 Additionally, although claimant correctly argues that he may file application and prove disability after the expiration of his insured status as long as the disability began before expiration, he has failed to provide medical evidence that a disabling condition existed before December 31, 1982. According to the ALJ, the record contains 'no report from a doctor who examined him before December 31, 1982.' Claimant counters that his treating physician Dr. Ijaz Ahmad wrote in a letter dated August 7, 1983, that the symptoms had been present for about a year by that time. The letter reads in its entirely:
 
 TO WHOM IT MAY CONCERN
 
 5
 RE: Raymond Dixon, Jr.
 
 
 6
 This is to certify that Mr. Raymond Dixon is under my professional care. He is disabled from gainful employment. His symptoms have been present for about the last one year.
 
 
 7
 Sincerely,
 
 
 8
 Ijaz Ahmad, M.D.
 
 
 9
 This letter does not establish that Dr. Ahmad actually saw claimant before December 31, 1982, only that the doctor learned through some source (possibly from claimant himself) that his symptoms had been present since the summer of 1982. In fact, a letter in the record from Dr. Sujatha Reddy tends to establish that the claimant was first treated by Dr. Ahmad when he entered Humana Hospital in April of 1983. Furthermore, claimant himself testified that his symptoms began in July of 1982, that he first went to a doctor a few months later, and that after seeing that doctor twice he began to go to Dr. Ross. Dr. Ronald Ross, D.O., wrote on August 29, 1983 that Dixon 'has been a patient of mine for approximately 6-8 months.' App. 135. The record clearly shows, therefore, that the earliest doctor-patient relationship documented in evidence is that of Dr. Ross, which admittedly began sometime in 1983.
 
 
 10
 As claimant has presented no medical evidence of his condition prior to the expiration of his insured status at year end 1982, the Court is constrained to hold that the decision of the Secretary, as embodied in the ALJ report, that the claimant had no severe impairment as of December 31, 1982, is supported by substantial evidence on the record and is therefore affirmed.
 
 
 
 *
 Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Claimant testified that he left his previous employment as a farm worker because he was laid off