786 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARY L. BRANNUM, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-5407
 United States Court of Appeals, Sixth Circuit.
 2/20/86
 
 W.D.Ky.
 REMANDED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 Before: KEITH and MARTIN, Circuit Judges; and RUBIN,* Chief District Judge.
 PER CURIAM.
 
 
 1
 Mary L. Brannum has appealed the decision of the district court which affirmed the administrative law judge's denial of social security, supplemental security income and disability benefits under the Social Security Act. Brannum was forty-one at the time of the hearing decision and has a tenth-grade education. She claims that for the purpose of social security benefits she is disabled by heart disease and bladder cysts. She also complains of episodes in which she has difficulty walking, is dizzy and numb, and experiences smothering sensations.
 
 
 2
 In considering Brannum's claim, the administrative law judge first noted that Brannum had never been employed and then he moved on to consider whether she had a 'severe impairment,' which is defined as any impairment significantly limiting the claimant's physical or mental ability to do basic work activities. The administrative law judge, considering medical evidence, found no severe impairment and therefore found Brannum not to be disabled. The Secretary adopted the administrative law judge's findings.
 
 
 3
 We cannot overturn these findings if substantial evidence supports them. 42 U.S.C. Sec. 405(g). See Richardson v. Perales, 402 U.S. 389, 390 (1971). Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Perales, 402 U.S. at 401 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 4
 In the case before us, considering the record as a whole, Hepner v. Mathews, 574 F.2d 359, 367 (6th Cir. 1978), we cannot say that substantial evidence supports the administrative law judge's findings. Dr. Robert L. Hast, a Board-certified internist, reported that he last saw Brannum on April 22, 1982, at which time she appeared to be doing fairly well. However, she had a history of recurrent tachycardia dating back to 1964. Brannum's cardiac condition was stable at the time of the examination. In 1982, Dr. Jame Owens found that Brannum had a regular heart rate with normal sounds and no murmurs. An electrocardiogram revealed a normal rate, rhythm, and axis, and a chest x-ray revealed a normal heart.
 
 
 5
 Brannum was hospitalized in 1981 because of urethral stenosis, cystitis, cystica, urethritis, and voiding dysfunction, and procedures were performed. Brannum was seen in the emergency room once in 1982 and was hospitalized and treated once in 1982 for voiding dysfunction. This evidence does reflect recurrent bladder disorder.
 
 
 6
 Brannum claims that psychiatric disorders and related 'spells,' combined with the heart and bladder problems, comprise a severe impairment such that she is disabled. Dr. J. D. Kulkarni, a Board-certified psychiatrist and neurologist, evaluated Brannum in February, 1982, and found her alert, oriented, cooperative and accessible. Dr. Kulkarni noted psychomotor retardation. There was no evidence of delusions or hallucinations. Her judgment was good and insight present. Dr. I. T. Baldwin, a psychologist, found Brannum functioning in the dull normal range of intelligence with a full scale intelligence quotient of eighty-three. Testing revealed the potential for average intelligence functioning with no brain damage. Dr. Baldwin concluded that Brannum did have a high level of anxiety which interfered with her memory, judgment, ability to concentrate, and ability to perform with speed and accuracy. Dr. Baldwin believed that Brannum might have a hysterical neurosis. In May, 1982, Dr. Joel J. Hafner, a Board-certified psychiatrist, found Brannum oriented with no indication of gross memory deficit, although she was having increasing difficulty concentrating. She appeared mildly anxious. Her judgment, impulse control and insight were adequate. There was no indication of thought disorder. He diagnosed mild to moderate anxiety neurosis with episodes of hyperventilation.
 
 
 7
 Dr. Hast, Brannum's treating physician, believed that Brannum had prolonged periods of extreme anxiety related to apprehension, hyperventilation and recurrent episodes of depression which precluded employment. He thought that stress created by minor problems would overwhelm Brannum. Ms. Sherry B. Lambert, a psychiatric social worker, diagnosed major depression, recurrent with psychotic features. Lambert reported that Brannum had multiple psychological problems including agitated depression, obsessive worry, borderline paranoid ideation, preoccupation with her medical condition, psychomotor retardation, and low motivation. Lambert thought Brannum's insight and judgment were limited when dealing with interpersonal problems. The administrative law judge concluded that Brannum did have these impaiments yet found that these impairments were not severe because they did not limit her ability to perform basic work-related activities.
 
 
 8
 Viewing this evidence as a whole, we find that substantial evidence does not support the findings and conclusions of the administrative law judge that Brannum does not suffer a severe impairment because of her possible psychiatric, heart and bladder problems. The evidence does not suggest that Brannum can engage in basic work-related functions and some evidence clearly mandates a finding that Brannum cannot engage in basic work-related functions. Because we find the administrative law judge's determination to be in error, we remand so that questions four through seven of the seven-step analysis of Gardner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984), can be answered. These last questions include a consideration of the residual functional capacity of Brannum.
 
 
 9
 We remand.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief United States District Judge for the Southern District of Ohio, sitting by designation