805 F.2d 1035
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Galen E. LOWERY, Defendant-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Plaintiff-Appellee.
 No. 85-5594.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1986.
 
 Before LIVELY, Chief Judge, and WELLFORD and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment affirming a denial of social security disability benefits. We shall reverse the judgment.
 
 
 2
 Galen Lowery applied for disability benefits on December 23, 1981, alleging that he had become disabled the preceding August as a result of respiratory, back, and kidney ailments. An Administrative Law Judge found that, although Mr. Lowery suffered from mild chronic obstructive pulmonary disease, emphysema, bronchiolitis, lumbar degenerative disc disease and a kidney cyst, the impairment was not severe. On December 3, 1982, the Appeals Council denied Mr. Lowery's request for a review of the ALJ's decision.
 
 
 3
 Mr. Lowery applied again on January 5, 1983, alleging respiratory, back, nerve, headache, fainting, and hernia problems. This time an ALJ found that the weight of the medical evidence did not establish a "severe" pulmonary impairment or a "severe" impairment due to the hernia. He did find that Mr. Lowery suffers from advanced degenerative arthritis of the lumbar spine, a severe musculoskeletal impairment, but degenerative arthritis of the lumbar spine, a severe musculoskeletal impairment, but that impairment was found not to meet or equal the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ further concluded that although Mr. Lowery cannot perform his past work, he retains the residual functional capacity to engage in medium work activity. Mr. Lowery must avoid working around hazardous fumes, but the ALJ concluded that this "nonexertional restriction would not significantly interfere with his ability to engage in the full range of medium work activity." Therefore, Mr. Lowery was declared not disabled.
 
 
 4
 The Appeals Council agreed with the ALJ, as did the magistrate and the United States District Court for the Western District of Kentucky.
 
 
 5
 The regulations provide that if a claimant has been determined to be severely impaired and unable to do his past work, the Secretary must determine whether the claimant is able to do other work, considering his residual functional capacity, age, education, and past work experience. 20 C.F.R. Secs. 404.1520(f), 416.920(f). The Secretary has the burden of producing evidence that employment compatible with the claimant's disability exists, and the claimant has the burden of proving that he cannot perform it. Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir.1978).
 
 
 6
 Mr. Lowery was fifty-six years old when he last appeared before the ALJ. He has an eighth grade education and a work history that includes approximately twenty-seven years as a mechanic for several different employers and over five years as Chief Engineer for R & W Marine. While working for R & W Marine he accidentally inhaled a large amount of chlorine gas; this caused his respiratory ailments.
 
 
 7
 Mr. Lowery testified that he has great difficulty breathing and that any type of gas, fumes, or sprays aggravates the problem. He further testified that he suffers from back pain, which prevents him from stooping or lifting, walking more than very short distances, and sitting in one position for long. He estimated he could lift approximately fifteen pounds. His other complaints consist of headaches, "blackout spells," and nervousness from the medication he takes to assist his breathing. Mr. Lowery also testified that one of the hernias for which he had surgery is still not completely healed. Mrs. Lowery confirmed her husband's complaints and testified that he sleeps little during the night due to difficulty breathing.
 
 
 8
 In July of 1981 Dr. Jaafar conducted a treadmill test and found "some physical unfitness," but stated that Mr. Lowery's lungs responded normally to exercise and that there was no chest pain. A pulmonary function test administered on the same date revealed mild obstructive lung disease.
 
 
 9
 In October of 1981 Mr. Lowery was hospitalized for chronic obstructive pulmonary disease with acute exacerbation and moderate to severe bronchial inflammation. In August of 1982 Dr. Steiner opined that Mr. Lowery could not be gainfully employed due to bronchiolitis, pulmonary emphysema, and obstructive lung disease.
 
 
 10
 Another pulmonary function study performed by Dr. Jaafar in March of 1983 revealed mild obstructive ventilatory defect and moderate decrease in ventilatory capacity. In June of 1983 Dr. Steiner stated that inhalation of fumes would aggravate Mr. Lowery's respiratory problems.
 
 
 11
 In addition to the medical evidence of his respiratory ailments, Mr. Lowery presented evidence to support his complaint of back pain. In September of 1981 Dr. Crawford reported "a prominent degree of degenerative disc disease involving the L4-L5 interspace with significant narrowing, subchondral sclerosis, marginal spurring, as well as vacuum phenomenon." Dr. Chumley confirmed those findings in October of 1981. In September of 1982 Dr. Shields reported that Mr. Lowery continued to have some weakness at the site of a previous hernia repair; Dr. Shields recommended that Mr. Lowery not be employed or try to lift anything heavy. In March of 1983 Dr. Crawford diagnosed "far advanced degenerative disc disease of the fourth lumbar interspace." In May of 1983 Dr. Barnett found "loss of the normal lumbar curvature with severe degenerative disc disease at L-4 and L-5 and extreme hypertrophic changes and sclerosis about the disc spaces." He concluded that no surgery would be of benefit; that Mr. Lowery could do no bending, lifting, squatting, long sitting, walking or standing; and that Mr. Lowery was unemployable.
 
 
 12
 The medical evidence was sufficient to shift the burden to the Secretary to demonstrate that, although Mr. Lowery can no longer perform his past work, which required heavy lifting, there is still substantial gainful activity which Mr. Lowery can perform. The Secretary presented no such evidence, but the ALJ nonetheless found that Mr. Lowery is capable of performing a full range of medium work.
 
 
 13
 "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work."
 
 
 14
 20 C.F.R. Sec. 404.1567(c). "Light work" includes jobs requiring "a good deal of walking or standing, or ... sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. Sec. 404.1567(b).
 
 
 15
 There is no evidence that Mr. Lowery is able to lift or carry objects weighing 50 pounds or even 25 pounds. The evidence indicates that he is incapable of sitting, standing, or walking for long periods of time. Thus the Secretary has not established that Mr. Lowery can do medium work.
 
 
 16
 Further, it was clearly established that Mr. Lowery has a nonexertional impairment; he must avoid respiratory irritants. Where a nonexertional impairment prevents a claimant from performing a wide range of jobs within a designated level of the grid, there must be an independent determination of disability. Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 528-29 (6th Cir.1981). The ALJ concluded that Mr. Lowery's nonexertional impairment would not prevent him from performing a full range of medium work, but the Secretary did not present evidence that there is a wide range of medium level jobs that would not expose a worker to respiratory irritants.
 
 
 17
 The judgment of the district court is therefore REVERSED and REMANDED for remand to the Secretary for the limited purpose of considering Mr. Lowery's weight-lifting ability and the extent to which the requirement that he avoid respiratory irritants limits the range of jobs he could perform within the medium work category. The Secretary may wish to obtain testimony from a medical expert and a vocational expert. In no event may benefits be awarded for a period beginning prior to December 3, 1982, no appeal having been taken from the prior decision that became final on that date.