820 F.2d 405
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold OWENS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 86-6260.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1987.
 
 Before KEITH, KENNEDY and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Harold Owens ("plaintiff") appeals the final decision of the Secretary of Health and Human Services ("the Secretary") denying plaintiff's application for disability insurance benefits. The Secretary determined that plaintiff did not have a severe impairment and was not entitled to benefits. The District Court for the Eastern District of Kentucky affirmed the Secretary's decision. We affirm.
 
 
 2
 Plaintiff is fifty-three years old and has an eighth grade education. He alleges that he cannot read or write, but he can sign his name. He worked as an assembly line worker for seventeen years, using hand tools and assembling motors and cabinets. He served in the Army and was honorably discharged. He states that he was injured and as a result has a fifty percent hearing impairment. Plaintiff's last job was running a coal washer. His job ended when the company went out of business. He looked for employment for two months, but alleges that he became disabled in May of 1982. He stated that he was hospitalized at that time for a nervous condition, but there is no record of hospitalization.
 
 
 3
 Plaintiff filed for disability insurance benefits and Supplemental Security Income on August 5, 1983. His applications were denied initially and on reconsideration. A hearing was held before an Administrative Law Judge ("the ALJ") on March 5, 1984. On April 26, the ALJ issued a decision finding that plaintiff was not disabled and was not entitled to benefits because he did not have any severe impairments. Review by the Appeals Council was denied and the ALJ's decision became the final decision of the Secretary on July 12. The District Court for the Eastern District of Kentucky affirmed the Secretary's decision and denied plaintiff's claim. Plaintiff appeals the denial of benefits.
 
 
 4
 In reviewing the final decision of the Secretary, a court must simply determine whether substantial evidence exists in the record to support the decision. See Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). This determination should be based on the record as a whole. Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir.1978). Substantial evidence means such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). We find that there is substantial evidence in the case before us to support the decision of the Secretary denying benefits. The record fails to reflect any severe impairments that would limit plaintiff's capacity to perform work related functions.
 
 
 5
 Plaintiff's treating physician, Dr. Miller, first saw plaintiff in May of 1983. He found that plaintiff suffered from chronic restrictive lung disease, severe anxiety and depression, and severe hypertriglyceridemia. He concluded that plaintiff was unable to perform any level of work. Joint Appendix at 97-98. Dr. Miller examined plaintiff again in July of 1983, and concluded that his lung disease was moderately restrictive. He found that, due to plaintiff's anxiety, he avoided people, had insomnia and anorexia, and occasionally cried. He also diagnosed chronic bronchitis. Dr. Miller advised plaintiff to quit smoking.
 
 
 6
 Dr. Dahhan, an internist and pulmonary specialist, examined plaintiff in September of 1983. He noted poor tracing, fair cooperation and good comprehension. He found no airway obstruction. Dr. Dahhan concluded that plaintiff's "main problem is his severe anxiety and previous alcoholism which might cause him to have liver impairment at this stage." Joint Appendix at 104. Dr. Eardley, a psychiatrist, conducted an examination in October of 1983. He found that plaintiff suffered from an adjustment disorder with mixed emotional features. Dr. Eardley found that plaintiff was able to relate appropriately and that there would be no psychiatric restriction on his ability to work. Joint Appendix at 110-12. Dr. Begley found plaintiff to be suffering from severe anxiety, hearing impairment, and early cirrhosis of the liver. Joint Appendix at 113-14.
 
 
 7
 At the hearing, plaintiff testified that he suffered from anxiety and dizzy spells. He also alleged a breathing problem. He stated that he did not do anything around the house, nor did he socialize or have any hobbies. He stated that he did not sleep well at night, became nervous if he sat for too long, and became nervous and weak if he tried to do anything. Plaintiff stated that he tried to look for work after his job was terminated in 1982, but that by May of 1982 he felt that he was no longer able to do so.
 
 
 8
 The ALJ found that there was no evidence on the record of any significant breathing problem. Dr. Miller, the treating physician, diagnosed chronic restrictive lung disease, but there were no clinical findings to support this diagnosis. The ALJ further found that plaintiff's "primary impairment appears to be his nerves, however, this has been related to situational stress rather than any major emotional condition." Joint Appendix at 14. The psychiatrist, Dr. Eardley, found that plaintiff's nervousness was related to his unemployment. Dr. Miller concluded that plaintiff's anxiety was disabling, but no specific findings support this conclusion. The ALJ finally noted that plaintiff's lifestyle appeared to be normal and that he did not seem to be restricted in his ability to relate to people or carry out instructions. "His nervousness appears to be related to situational stress which usually subsides when the stress factors are removed, and the undersigned cannot find that this condition would prevent the claimant from working." Joint Appendix at 14. We find that the ALJ's findings and conclusion that plaintiff did not suffer from any severe impairments are supported by substantial evidence.
 
 
 9
 The judgment of the District Court is affirmed.