831 F.2d 1064
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John RAWLINS, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 86-3576.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1987.
 
 Before MERRITT and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant John Rawlins appeals the district court's decision affirming the Secretary's denial of Social Security disability benefits. Because there is substantial evidence to support the Secretary's decision and because reapplication for benefits, and not remand for reevaluation, is the remedy available under section 5(c)(3) of the Social Security Disability Benefits Reform Act of 1984, we AFFIRM the order of the district court.
 
 
 2
 Plaintiff filed his application for disability income benefits on June 13, 19 83, alleging disability beginning July 1982 from a broken ankle, back problems, mental retardation, and nervousness. The application was denied initially in August of 1983, and again upon reapplication. After a hearing, the administrative law judge found that plaintiff's impairments did not prevent him from performing his past relevant work as a night watchman and therefore, plaintiff was not disabled. The Appeals Council refused to review the claim and plaintiff filed a complaint in district court. Upon judicial review, the magistrate recommended affirmance of the Secretary's decision that plaintiff was not disabled. Plaintiff moved for remand for evaluation of his mental disorder under the new regulations adopted pursuant to the Social Security Disability Benefits Reform Act of 1984. The magistrate found that the express statutory language of section 5(c)(3) of the Reform Act required the plaintiff to reapply for benefits and that he was not entitled to have his case remanded.[1] Therefore, the magistrate recommended that plaintiff's motion for remand be denied.
 
 
 3
 Upon de novo review of these recommendations, the district court concluded that the findings of the Secretary were supported by substantial evidence and that the plaintiff was not entitled to remand for evaluation of his mental disorder. Accordingly, the court adopted the recommendations of the magistrate. This appeal followed.
 
 
 4
 The first issue on appeal is whether substantial evidence exists to support the Secretary's determination that plaintiff could perform his past relevant work and is therefore ineligible for disability benefits. 20 C.F.R. 404.1520 (1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citing Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The record as a whole must be considered in this determination. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978).
 
 
 5
 At the time of his hearing before the ALJ on March 28, 1984, the plaintiff was 48 years old. He had last worked as a laborer at an automotive junkyard, and previously held jobs as night watchman, lumber stacker, and apple picker. The night watchman position required fifteen minute rounds every hour, with the remainder of the time sitting at a desk. The job required no lifting, carrying, use of firearms, or report writing. Plaintiff was terminated after eighteen months "because there was another guy took over both shifts and they said they didn't need me no more." (J.A. 41.)
 
 
 6
 Although plaintiff has not worked substantially since July 1982, when he fractured his right ankle and was hospitalized for a pin and screw fixation in the ankle, numerous medical reports in the record support the conclusion that plaintiff could perform his past relevant work as a night watchman. The physician treating plaintiff's broken ankle, Dr. Elliott, reported that plaintiff had some loss of range of motion of his right ankle and probably could not walk as long as he did prior to the fracture. But in July 1983, the fractures had healed well and Dr. Elliott stated that overall plaintiff had made a fairly good recovery. Dr. Jenkins, treating physician from August 1983 to January 1984, concluded that plaintiff was probably permanently and totally disabled for any type of gainful employment due to the ankle injury. Dr. Jenkins also reported that out of an eight hour day, plaintiff could stand/walk for one hour and sit for four hours and that he could lift up to ten pounds occasionally. Reviewing physicians Drs. Arnold and Krivitskiy both opined that plaintiff could stand/walk for six hours, lift a maximum of 50 pounds, and frequently lift 25 pounds.
 
 
 7
 Treating physician Dr. Pavlatos reported that in June of 1983 plaintiff had tenderness of his lumbar spine and 25-30% restriction of motion when bending. There was no evidence of muscle atrophy and plaintiff could ambulate normally. No x-rays, EMG studies, myelography, or definite muscle testing were performed. Dr. Pavlatos prescribed muscle relaxants and pain medicine for plaintiff's back and a mild tranquilizer for his nervousness and depression.
 
 
 8
 Examining psychologist Dr. Flexman testified that plaintiff had a full scale IQ of 73, which indicated that plaintiff was mildly mentally retarded. Dr. Flexman also diagnosed a dysthymic disorder (mild depression) with somatization and dependent personality traits. He concluded that plaintiff's ability to function in the ordinary work environment was limited. At the hearing before the ALJ, a vocational expert testified that an individual with plaintiff's limited physical and mental capacities would be capable of performing plaintiff's unskilled, primarily sedentary past relevant work as a night watchman.
 
 
 9
 Plaintiff himself testified that he could walk for half an hour and stand for 20 minutes at a time. He handles his own financial affairs. There is no indication that plaintiff's mental impairment has increased since leaving the night watchman position.
 
 
 10
 Viewing the record as a whole, there is substantial evidence to support the Secretary's denial of benefits. Relevant evidence exists to adequately support the conclusion that plaintiff has the residual functional capacity to perform his past work as a night watchman.
 
 
 11
 The second issue on appeal is whether plaintiff is entitled to have his case remanded for reconsideration under the new mental impairment guidelines promulgated under the Reform Act. As the magistrate noted, the express statutory language clearly provides only for reapplication, not for remand. Therefore, although plaintiff refiled an application within the statutory period, he is not entitled to have this case remanded. Accordingly, we AFFIRM the district court.
 
 
 12
 MERRITT, circuit Judge, dissenting.
 
 
 13
 Because I do not think the record before us provides substantial evidence to support the findings of the Secretary that Rawlins could perform his past relevant work, I dissent.
 
 
 14
 Rawlins' mental impairment clearly would prevent him from performing the duties of security guard as defined in the Dictionary of Occupational Titles, which defines the job as requiring a level 1-2 math skill and a level 2 language skill. The secretary did not rely on the criteria for the job set forth in the Dictionary; instead, the Secretary determined that Rawlins was capable of performing the specific job of security guard as he had actually performed it in the past. This position necessarily assumes that Rawlins can return to his old security guard job (from which he was fired before he was injured) or to a job just like it. No evidence was presented, however, that would indicate the availability of such an opportunity for Rawlins. He lost this job. Absent such evidence, the secretary should have relied on the standards set forth in the Dictionary. under those standards, Rawlins is unable to perform his past relevant work and is thus entitled to benefits.
 
 
 
 [1]
 Section 5(c)(3) provides:
 Any individual with a mental impairment who was found to be not disabled pursuant to an initial disability determination or a continuing eligibility review between March 1, 1981, and the date of the enactment of this Act (October 9, 1984), and who reapplies for benefits under Title II or XVI of the Social Security Act, may be determined to be under a disability during the period considered in the most recent prior determinations. Any reapplication under this paragraph must be filed within one year after the date of the enactment of this Act, and benefits payable as a result of the preceding sentence shall be paid only on the basis of the reapplication.
 42 U.S.C. Sec. 421 (1984) (emphasis added).
 Remand to the Secretary is required under Sec. 5(c)(1) of the Act in cases in which the claimant received an initial, reconsideration, or hearing decision between October 9, 1984 (enactment date) and August 28, 1985 (establishment of relevant regulations.) The present case is not within this time period.