Vincent Leroy **HEPHNER,**
Plaintiff-Appellant,

v.

Forest David **MATHEWS,** Secretary of Health, Education & Welfare,
Defendant-Appellee.

No. 76–1396.

United States Court of Appeals,
Sixth Circuit.

Submitted Feb. 9, 1978.

Decided April 17, 1978.

Dan R. Bruggeman, Adrian, Mich., for plaintiff-appellant.

James K. Robinson, U. S. Atty., Samuel J. Behringer, Jr., Asst. U. S. Atty., Detroit, Mich., Robert Burton Breisblatt, Gen. Atty., Dept. of HEW, Chicago, Ill., for defendant-appellee.

Before WEICK, LIVELY and MERRITT, Circuit Judges.

WEICK, Circuit Judge.

This is an appeal from an order of the District Court granting summary judgment in favor of the Secretary in a proceeding to review the denial of Social Security disability benefits pursuant to 42 U.S.C. § 423.

Appellant filed his claim for disability benefits on February 20, 1973, alleging that subsequent to January 26, 1973 he had become unable to engage in substantial gainful activity because of pain and discomfort caused by degenerative disc disease in his cervical spine and a right shoulder injury. His application was denied initially, and again on reconsideration by the Secretary. A hearing before an Administrative Law Judge (ALJ) was requested. The ALJ found that appellant was not precluded by reason of his alleged physical impairments from engaging in substantial gainful activity.

Appellant then requested review by the Appeals Council. The Appeals Council de-

clined to review the case and appellant initiated action seeking judicial review in the District Court. There the parties filed cross-motions for summary judgment. The District Court, without opinion, entered an order denying the appellant's motion and granting the motion of the Secretary.

Appellant has timely filed this appeal from the District Court's judgment. Oral argument in this case was waived by the parties.

Appellant, at the time he filed his application for disability benefits, was 42 years of age, was married and had one dependent child. He is a high school graduate, and at the time the alleged disability arose he was self-employed in the business of selling hand tools to service stations and garages in a three-county area around Morenci, Michigan. The job required him to drive a walk-in van to the premises of his customers, and to carry the tools and tool boxes, ranging in weight from five to one hundred fifty pounds, into the service areas. Appellant had been engaged in this work continuously since 1964, with the exception of a six months' period in 1967 when he attempted, unsuccessfully, to sell securities. Appellant's previous work had included also that of a mechanic and service manager in a garage, an aluminum extrusion plant inspector's helper, a press operator, a self-employed hauler of milk, a farmer and he had pressed and cleaned clothes in a dry cleaning shop.

On May 21, 1971 appellant was driving his van when another vehicle crossed directly in front of him. The impact of the collision hurled him through the windshield. He was taken to a hospital where he remained for one week. Although none of the injuries sustained in the accident relates to appellant's claim for disability benefits, it is clear from the medical evidence that the accident caused a preexisting but undiagnosed degenerative disc involvement of the cervical spine to become symptomatic, that is, it began to cause appellant pain. Appellant also sustained an injured tendon in his right shoulder as a result of the accident.

Appellant returned to work approximately three months after the accident. Due to pain and stiffness in his right shoulder and neck appellant was unable to drive his van; therefore he had his wife accompany him to work as his driver. On January 26, 1973 appellant sold his tool distributorship business to his son-in-law.

At the administrative hearing the oral testimony consisted of that of appellant and his wife. The substance of appellant's testimony was that the pain and discomfort emanating from his neck and shoulder caused him to relinquish his business and precluded him from engaging in any meaningful activity. The testimony of his wife corroborated that of appellant.

The medical evidence pertinent to the claim of disability consisted of reports of the doctors who had examined or treated appellant, and his treating physician's depositions taken in connection with a civil action filed by appellant against the driver of the vehicle which caused the accident. The salient feature of this evidence is that each doctor who examined appellant after the accident found an underlying medical basis for his subjective complaints of pain and discomfort. In fact, the diagnoses of the doctors were virtually identical and showed *severe* degenerative disc disease of the cervical spine at C-5, C-6 and either bicipital tendonitis or adhesive capsulitis of the right shoulder.

The only issue on appeal is whether there is substantial evidence as a whole to support the Secretary's determination that appellant is not disabled as that term has been defined statutorily.

■ To recover disability benefits under the Social Security Act, the burden of proof is upon the claimant to show that his disability precludes him from engaging in any substantial gainful activity. A prima facie case is established if the claimant shows a medical basis for an impairment that prevents him from engaging in his particular occupation. *Garrett v. Finch,* 436 F.2d 15, 18 (6th Cir. 1970), and cases cited therein. Proof of a claimant's inabili-

ty to perform his usual work because of great pain is sufficient to make a prima facie case. *See Noe v. Weinberger,* 512 F.2d 588 (6th Cir. 1975); *Sayres v. Gardner,* 380 F.2d 940 (6th Cir. 1967).

■ Once a prima facie case is established, the burden of going forward with the evidence shifts to the Secretary to show that the claimant, in his physical condition, can perform other substantial gainful work, and that there are jobs in the national economy which claimant can perform. *Montgomery v. Weinberger,* 514 F.2d 1211, 1212 (6th Cir. 1975); *see Garrett v. Finch, supra* at 18; *Vaughn v. Finch,* 431 F.2d 997, 998 (6th Cir. 1970).

The Secretary maintains that appellant failed to prove that he was disabled with respect to his tool selling business. In support of this contention the Secretary relies on a contact report of Dr. Van Brocklin, who examined the appellant only once, in which report the doctor stated that appellant could perform his usual job.

■ The determination of whether there is substantial evidence to support the findings of the Secretary depends on the record as a whole. We may not focus and base our decision entirely on a single piece of evidence, and disregard other pertinent evidence. In our opinion the record, when examined as a whole, shows that appellant established a prima facie case. In the opinion of appellant's treating surgeon, appellant could not return to his former work without a spinal fusion operation. This opinion is entitled to weight substantially greater than that of a doctor who has seen the claimant only once. *Allen v. Weinberger,* 552 F.2d 781, 786 (7th Cir. 1977); *Oppenheim v. Finch,* 495 F.2d 396, 398 (4th Cir. 1974).

Of even more importance is the fact that the physical capacity evaluations of Doctors Van Brocklin and Newman are inconsistent with a conclusion that appellant could engage in his tool selling business. Appellant's job consisted of carrying tools and tool boxes weighing between five and one hundred fifty pounds, a distance of up to

one hundred fifty yards; however, both doctors' evaluations limited appellant's lifting capacity to twenty pounds occasionally, and ten pounds frequently.

Furthermore, the testimony of both appellant and his wife to the effect that appellant was unable to carry on his business because of pain, was not discredited by the ALJ, who reached his decision, not without difficulty. In light of this evidence it is inconceivable, in our opinion, that appellant could continue to engage in his customary work.

■ The Secretary's reliance on appellant's refusal to undergo a surgical spinal fusion does not support a denial of benefits. *Ratliff v. Celebrezze,* 338 F.2d 978 (6th Cir. 1967). Appellant's surgeon testified that it was not unreasonable for his patient to decline to submit to this serious surgery.

Nor do we accept the Secretary's assertion that substantial evidence in the record rebuts appellant's prima facie case. No expert in vocational training was called to testify in this case, nor was any report submitted nor any testimony elicited concerning what specific job(s) appellant could perform. Rather, the ALJ, apparently relying on a statement by appellant's treating physician that appellant could engage in other work, and on the physical capacity evaluations of Doctors Van Brocklin and Newman (which evaluations were consistent with an ability to engage in "light" activity) not only took administrative notice of the fact that light work exists in the national economy, but also that appellant could engage in such employment, without, however, identifying any specific jobs.

■ A finding of a capacity to do light work does not constitute evidence that a person can engage in substantial gainful activity, nor is such a finding sufficient to rebut a prima facie case of disability. A claimant's capacity to perform work must be evaluated in light of *his* age, *his* education, *his* work experience, and *his* impairments, including *his* pain. This requires a finding of capacity to work which is expressed, not in terms of a vague catch-all

phrase such as "light" work, but in terms of specific types of jobs. *Garrett v. Finch, supra* at 18; *Lane v. Gardner,* 374 F.2d 612, 616 (6th Cir. 1967); *Massey v. Celebrezze,* 345 F.2d 146, 157 (6th Cir. 1965); *Rice v. Celebrezze,* 315 F.2d 7, 15–17 (6th Cir. 1963). *See also Whitson v. Fitch,* 437 F.2d 728, 732 (6th Cir. 1971).

[11] In our opinion the finding by the Secretary that appellant can engage in substantial gainful activity is not supported by substantial evidence.

The judgment of the District Court is reversed and the case is remanded with instructions to remand the case to the Secretary for further proceedings not inconsistent with this opinion, and to determine whether the appellant at the time he filed his claim for disability benefits could engage in any gainful activity other than his usual employment, and if so, to specify the jobs which he could perform, and whether they exist in the national economy. *Montgomery v. Weinberger, supra.* Also, inquiry should be made into appellant's activities since his hearing before the ALJ.