**Ernest H. GAINES, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

**No. 81–5010.**

United States Court of Appeals, Sixth Circuit.

Argued July 6, 1981.

Decided Aug. 19, 1981.

* Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of

William Bush, Southeast Tennessee Legal Services, Chattanooga, Tenn., for plaintiff-appellant.

John H. Cary, U. S. Atty., John C. Littleton, Asst. U. S. Atty., Chattanooga, Tenn., Anne Sobol, Dept. of Justice, Washington, D. C., for defendant-appellee.

Before EDWARDS, Chief Circuit Judge, WEICK, Circuit Judge, and WISEMAN,* District Judge.

PER CURIAM.

Appellant Gaines seeks reversal of the Secretary's denial of Social Security benefits. This denial was based upon findings entered by the Administrative Law Judge after hearing, as follows:

### FINDINGS

After careful consideration of the entire record, the undersigned makes the following findings:

Tennessee, sitting by designation.

1. The claimant met the special earnings requirements of the Act on February 25, 1976, the date he stated he became unable to work, and continues to meet them through at least September 30, 1981.

2. The medical evidence establishes that the claimant has high blood pressure, mild osteoarthritis, and aortic valve disease.

3. The claimant's allegations of constant, severe arthritic pain and chest pain are not credible; and such pain does not restrict his physical ability to perform light work.

4. The claimant is unable to perform his prior job as a maintenance supervisor and foreman because it required more than light work.

5. The claimant has the residual functional capacity for light work as defined by Regulations 404.1510 and 416.910.

6. The claimant is 62 years old which is defined as advanced age.

7. The claimant has a high school education.

8. The claimant has performed skilled work and has numerous transferable skills.

9. Regulations 416.913 and 404.1513 and Rule 202.07, Table 2, Appendix 2, Subpart P, Regulations No. 4 and Rule 202.13, Table 2, Appendix, Subpart, Regulations No. 16 direct that the claimant, considering his maximum sustained work capability, age, education and work experience, be found "not disabled."

10. The claimant was not under a "disability" as defined in the Social Security Act, as amended, at any time up to the date of this decision.

The Administrative Law Judge additionally found that appellant Gaines "does have a significant cardiac impairment as well as minor impairments due to osteoarthritis." Gaines testified in particular to the fact that he had arthritic pain in his right hand which left him unable to handle tools, since he was righthanded. His treating physician, Dr. McIntosh, gave as his opinion that Gaines' heart disease, arteriosclerosis and arthritic impairments bar him from doing any domestic or industrial work.

While we recognize that this record contains some opinion evidence from an examining physician that Gaines is capable of "light physical activity," we do not think that this record discloses that the government carried its burden (Gaines having established that he was disabled from his previous job) to go forward with proof that Gaines has residual capacity for substantial gainful employment. *See Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Whitson v. Finch*, 437 F.2d 728 (6th Cir. 1971).

The case is remanded to the District Court for remand to the Secretary for the award of benefits.