755 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JACK E. ATWOOD, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-5372
 United States Court of Appeals, Sixth Circuit.
 1/18/85
 
 ORDER
 BEFORE: KEITH, KENNEDY and CONTIE, Circuit Judges.
 
 
 1
 Atwood appeals from the district court's grant of summary judgment in favor of the Secretary in this Social Security disability case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Atwood is thirty-seven years old, has a high school equivalency degree, and has worked as a tractor-trailer driver and a construction worker. He was shot in the right thigh and had his leg amputated at the knee. He complains that his prosthesis is illfitting and that he suffers from constant pain in his stump.
 
 
 3
 He indicated at his hearing before the ALJ that he still does a little hunting and fishing and also drives a car. The Secretary's examining physician found that his stump was well-healed and that his prosthesis worked effectively. Atwood's treating physician indicated that Atwood could not do sedentary work unless he could again be fitted with an effective prosthesis.
 
 
 4
 Atwood argues that he is disabled under the Listing of Impairments. 20 C.F.R. Section 404, Subpart P, Appendix 1, Sec. 1.10(C). This argument is incorrect because even Atwood's treating physician admits that Atwood's condition will improve if he is fitted with another effective prosthesis. Although a treating physician's opinion is usually entitled to greater weight than an examining physician's opinion, Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980), a treating physician's opinion is not automatically entitled to greater weight. Halsey v. Richardson, 441 F.2d 1230, 1235-6 (6th Cir. 1971). After an examination of the record, we agree with the ALJ and the district court that the medical evidence as a whole supports the position that Atwood can still do sedentary work.
 
 
 5
 Finally, Atwood argues that it was improper for the ALJ to use his own personal observations at the hearing to discredit Atwood's claims about his pain. Weaver v. Secretary of HHS, 722 F.2d 310, 312 (6th Cir. 1983). However, Weaver merely requires that there be some other evidence besides the ALJ's personal observations to discredit the claimant's description of his pain. Id. Here Atwood admitted that he did a little hunting and fishing and also drove a car. These activities provide other evidence that supports the ALJ's observations at the hearing.
 
 
 6
 The Secretary's decision is supported by substantial evidence. Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir. 1978). The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.