762 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN ROACH, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-3765
 United States Court of Appeals, Sixth Circuit.
 4/19/85
 
 ORDER
 BEFORE: MERRITT, CONTIE and WELLFORD, Circuit Judges.
 
 
 1
 Roach appeals with counsel from the district court's grant of summary judgment in favor of the Secretary in this Social Security disability case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Roach was twenty- years old at the time of the hearing before the Administrative Law Judge. He stopped working as a truck driver because of pain and numbness in his left arm and leg. The first medical report regarding his back pain indicated that there was no objective medical condition to account for the pain. A psychiatric report indicated that Roach was totally disabled because of a conversion neurosis. Finally, a report considered by the Appeals Council indicated that the back pain may be caused by a condition of Roach's nerve sheaths, but that the degree of Roach's disability was uncertain.
 
 
 3
 The standard of review in a disability case is whether the Secretary's decision is supported by substantial evidence. Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir. 1978). Roach argues that pain alone, if the result of a medical impairment, can cause a disability. King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984); accord, Harris, Executrix v. Heckler, ---- F.2d ----, 83-3588, Slip Opinion (6th Cir. March 1, 1985). However, in those two cases there was no conflicting evidence on the issue of pain. In the present case, the initial medical report indicates no objective basis for Roach's claimed pain.
 
 
 4
 Moreover, the psychiatrist's report did not contain the necessary clinical and laboratory findings that would support the psychiatrist's conclusion that Roach was totally disabled. 20 C.F.R. Sec. 404.1508, .1528(b) and (c). So the district court properly found that Roach could do light and sedentary work; and the court properly applied the 'grid' to find that Roach was not disabled. 20 C.F.R. Subpart 404, App. 2, Tables 1 and 2.
 
 
 5
 The Secretary's decision is supported by substantial evidence. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument. As noted by the Appeals Council, if Roach's condition worsens, he can again apply for benefits.