811 F.2d 605
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barbara S. GUNNELS, Plaintiff-Appellant,
v.
SECRETARY, HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-1045.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1986.
 
 Before ENGEL, JONES and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff-appellant Barbara S. Gunnels ("appellant") appealed the district court's judgment affirming the Secretary's denial of social security disability insurance benefits. The appellant alleged disability due to muscle spasms, degenerated vertebra, depression, and numbness in her left leg and right hand. Her application was denied at all administrative levels pursuant to 20 C.F.R. Sec. 404.1520(f), because although her impairments were severe so as to prevent her from performing her past relevant work, she had the residual functional capacity to do other work which existed in significant numbers in the national economy. In reviewing the Secretary's decision, the district court determined that substantial evidence existed in the record as a whole to support the Secretary's denial of benefits.
 
 
 2
 Upon review of the parties' briefs, applicable legal precedent, and the record in its entirety, this court concludes that substantial evidence supports the Secretary's decision. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 3
 JONES, Circuit Judge, dissenting.
 
 
 4
 Barbara S. Gunnels at the time of her administrative hearing was a fifty-three year old widow with two years of business college training. She had worked for seventeen years as a secretary and for another eighteen years as an administrative secretary before leaving work due to back problems and stress-related mental problems.
 
 
 5
 Ms. Gunnels' application for disability insurance benefits was denied initially and upon reconsideration. The ALJ also denied her benefits, and this denial became the final decision of the Secretary. When Ms. Gunnels appealed this decision to the district court, the magistrate to whom the case was referred recommended that the Secretary's decision denying benefits be reversed and that the applicant's motion for summary judgment be granted. However, the district court judge refused to accept the magistrate's recommendation, and instead found that substantial evidence existed in the record as a whole to support the Secretary's denial of benefits. I disagree.
 
 
 6
 The ALJ, following the steps outlined in the social security regulations, found that Ms. Gunnels had not engaged in substantial gainful activity for the requisite period of time. The ALJ then found that claimant suffered from severe depression and some back pain but did not have an impairment that was per se disabling. The ALJ further found that claimant was unable to perform her past relevant work as a secretary.
 
 
 7
 After claimant was found unable to perform her past work, the burden was on the Secretary to show that work existed in the national economy which plaintiff could perform. Hephner v. Mathews, 574 F.2d 359 (6th Cir.1978). I do not think that the Secretary even began to sustain its burden of proof on this issue. The Secretary contended that claimant is able to perform "low stress," "menial" work, despite her severe depression. This conclusion was based merely on one statement of a vocational counselor whose information came only from the Administrative hearing at which he testified. See Tr. 63. The court asked him:
 
 
 8
 Alright, now assume that I should find that Mrs. Gunnels has all the limitations to which she testified to her [sic] today, would there be jobs in the regional or national economy she could perform under those circumstances?
 
 The counselor replied:
 
 9
 Well, I think that the--that the low stress jobs to which I testified to would be possible, certainly [sic].
 
 
 10
 Tr. 66. This was the Secretary's sole evidentiary support for a conclusion that claimant can do low stress work despite her severe depression.
 
 
 11
 Such a conclusion contradicts the opinions of both Ms. Gunnels' treating psychiatrist and her treating psychologist, as well as the opinion of a workers' compensation consultative examiner. Her treating psychiatrist and psychologist both indicated that "she is unable to work." Dr. Taylor, her psychologist, elaborated, stating:
 
 
 12
 Under her present condition with the tearfulness, the breaking down, the unpredictable emotional outbursts when I see her in therapy, it wouldn't seem under those circumstances that she would be able to be consistent in functioning. She would possibly be able to show up. How long she'd be able to stay, keep composure is really--would really be the question.
 
 
 13
 ...
 
 
 14
 At the present time she's barely coping with her existence, her day to day functioning. If you added increased stress to do this, it could be questionable if she would be able to handle it.
 
 
 15
 Tr. 147-48. When the mental problems set forth in this psychologist's testimony and claimant's testimony were presented to the vocational counselor on whom the Secretary relied, the counselor testified,
 
 
 16
 If she has uncontrolled crying spells and periods of dispondency which render her incapable of concentrating, then I would say no, at the present time there would be no jobs.
 
 
 17
 Tr. 69-70. Finally, the workers' compensation examiner concluded,
 
 
 18
 This woman has adopted an invalid style of functioning. I feel that she is experiencing enough distress to preclude competitive employment.
 
 
 19
 Tr. 167.
 
 
 20
 Although the Secretary, the ALJ, and the District Court all disparage the weight of these findings, merely discrediting claimant's evidence should not meet the Secretary's burden of showing that claimant can perform jobs in the national economy. Rather, the Secretary should be required to offer some substantial positive evidence of claimant's ability to work. In this case almost all of the evidence, however thin, supports a finding that claimant cannot work at all because of her depression. Furthermore, the Sixth Circuit has held that where expert medical opinions of treating physicians are that an applicant is disabled and thus unable to engage in a substantial gainful activity, a contrary finding by the ALJ "is in the realm of speculation and reversible error in the absence of countervailing substantial evidence." Walston v. Gardner, 381 F.2d 580, 585 (6th Cir.1967).
 
 
 21
 Because the ALJ had before him no substantial evidence that claimant could perform even low stress work, I would reverse the district court's decision and grant claimant's motion for summary judgment.