861 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Troy HUNT, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 88-5109.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1988.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant Troy E. Hunt appeals from a district court order affirming the Secretary's determination that he was not disabled and, therefore, not entitled to disability insurance benefits. For the following reasons, we affirm the district court's order.
 
 I.
 
 2
 Hunt filed his application for a period of disability and disability insurance benefits on November 7, 1984, alleging a disability onset date of December, 1980. The Secretary denied claimant's application both initially and upon reconsideration. Claimant then requested a hearing before an Administrative Law Judge (ALJ), which was held on August 28, 1986.
 
 
 3
 Hunt testified at the hearing that he was born on March 6, 1938, and was forty-eight years old. He had completed the fourth grade, and had worked as a strip miner and as a coal truck driver until December, 1980. Claimant stated that he suffers from lung trouble, prostatitis, hives, and nervousness.
 
 
 4
 Upon reviewing the relevant medical evidence and claimant's testimony, the ALJ rendered his decision on January 26, 1984, concluding that Hunt was not entitled to disability insurance benefits. Initially, the ALJ determined that claimant had not engaged in substantial gainful activity since December, 1980. The ALJ found that claimant suffered from severe chronic obstructive pulmonary disease, an anxiety disorder with neurodermatitis, and a history of prostatitis, but that he did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1. 20 C.F.R. Pt. 404, Subpt. P., App. 1. Further, the ALJ found that claimant was unable to perform his past relevant work as a truck driver in the surface coal mining industry. The ALJ determined, however, that claimant's complaints of totally disabling breathing problems and significant emotional limitations were not credible and were not consistent with the objective and clinical findings, the reports of the treating and examining physicians, his apparently successful use of medication to control symptoms, and his appearance and demeanor at the hearing. In order to determine whether claimant could perform other work, the ALJ noted that claimant was forty-eight years old, which meets the definition of a younger individual; that claimant has a marginal education; that claimant has the residual functional capacity to perform the nonexertional requirements of work except for work involving significant exposure to pulmonary irritants, or work which requires complex tasks or close interpersonal contact, or imposes excessive job related stresses and that claimant has no non-exertional limitations; and that claimant has no transferable skills. Using the medical-vocational guidelines as a framework, the ALJ concluded that claimant was not under a disability.
 
 
 5
 Hunt requested review of the ALJ's decision by the Appeals Council, but on January 29, 1987, the Appeals Council found no basis for review. Thus, the ALJ's decision became the final decision of the Secretary.
 
 
 6
 Hunt then filed the present action for judicial review with the district court pursuant to 42 U.S.C. Sec. 405(g). Upon consideration of cross-motions for summary judgment, the district court affirmed the Secretary's decision in a memorandum opinion filed December 28, 1987. Claimant thereafter brought this timely appeal.
 
 II.
 
 7
 This court has jurisdiction on appeal to review the Secretary's decision pursuant to 42 U.S.C. Sec. 405(g), which specifies that the Secretary's factual findings are conclusive if supported by substantial evidence. " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), cert. denied, 461 U.S. 957 (1983). In determining whether the Secretary's findings are supported by substantial evidence, we must examine the evidence in the record "taken as a whole." Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980), and " 'must take into account whatever in the record fairly detracts from its weight.' " Beavers v. Secretary of Health Educ. & Welfare, 577 F.2d 383, 387 (6th Cir.1978) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the reviewing court would resolve the issues of fact in the dispute differently. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam).
 
 
 8
 The claimant has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability as defined in 42 U.S.C. Sec. 423(d)(1)(A). If the claimant is working, benefits are automatically denied. If the claimant is not found to have an impairment which significantly limits his ability to work (a severe impairment), then he is not disabled. Since the ALJ found that Hunt had not worked since 1980 and that he suffered from a severe impairment, further inquiry was necessary. If the claimant is not working and has a severe impairment, it must be determined whether he suffers from one of the "listed" impairments. See 20 C.F.R. Sec. 404.1525(a). If so, benefits are owing without further inquiry. In the instant case, the ALJ found that Hunt did not suffer from one of the listed impairments. In such a case, assuming the individual had previously worked, the Secretary must next decide whether the claimant can return to the job which he previously held. By showing "a medical basis for an impairment that prevents him from engaging in his particular occupation," Hephner v. Mathews, 574 F.2d 359, 361 (6th Cir.1978), the claimant establishes a prima facie case of disability. In the instant case, the ALJ found that Hunt was not capable of returning to his particular occupation.
 
 
 9
 At this step in the analysis, it becomes the Secretary's burden to establish the claimant's ability to work. Allen, 613 F.2d at 145. The Secretary must prove that, taking into consideration present job qualifications such as age, experience, education, and physical capacity, and the existence of jobs to match those qualifications, the claimant retains the capacity to perform a different kind of job. 42 U.S.C. Sec. 423(d)(2)(A); 20 C.F.R. Sec. 404.1520(f)(1); Heckler v. Campbell, 461 U.S. 458, 460 (1983). The Secretary's burden can, on occasion, be satisfied by relying on the medical-vocational guidelines, otherwise known as the "grid." See 20 C.F.R. Pt. 404, Subpt. P., App. 2. If the characteristics of the claimant do not identically match the description in the grid, however, the grid is used only as a framework or a guide to the disability determination. Kirk, 667 F.2d at 528. In the instant case, the ALJ found that claimant's characteristics did not identically match the description in the grid since Hunt's impairments were non-exertional. Accordingly, the ALJ used the grid only as a guide to the disability determination.
 
 
 10
 Initially, Hunt argues that the Secretary failed to consider that he has been adjudged to be disabled by pneumoconiosis under the Black Lung Benefits Act. We reject this argument. The regulations provide that a determination made by another agency that the claimant is disabled is not binding on the Secretary since the Secretary must make a disability determination based on Social Security law. 20 C.F.R. Sec. 404.1504. In the instant case, the Secretary found that claimant suffered from severe chronic destructive pulmonary disease, an anxiety disorder with neurodermatitis, and a history of prostatitis, which precluded claimant from returning to his past relevant work as a truck driver in the surface coal mining industry. Thus, the ALJ did not fail to consider these grounds. The ALJ found, however, that claimant's complaints of totally disabling breathing problems and significant emotional limitations were not credible and were not consistent with the objective and clinical findings, the reports of the treating and examining physicians, his apparently successful use of medication to control symptoms, and his appearance and demeanor at the hearing. This finding is supported by substantial evidence.
 
 
 11
 Next claimant argues that the Secretary failed to accord enough weight to the medical opinions of his treating physicians. We reject this argument. "The medical opinions and diagnoses of threating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference. This is true, however, only if the treating physician's opinion is based on sufficient medical data." Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985) (citations omitted). Of course, the ultimate determination of disability for the purposes of the Social Security Act is the prerogative of the Secretary, not of the treating physician. 20 C.F.R. Sec. 404.1527. In the instant case, claimant's treating physician, Lowell Martin, M.D., opined that claimant is totally and permanently disabled for any type of employment. Dr. Martin's opinion, however, was not based on sufficient medical data. By contrast, the report submitted by the examining physician, J.W. Sutherland, M.D., was thorough. Thus, the ALJ was entitled to accord greater weight to Dr. Sutherland's report, and to discredit Dr. Martin's opinion that claimant is disabled.
 
 
 12
 For the foregoing reasons, the district court's judgment is AFFIRMED.