870 F.2d 658
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brenda WARREN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1332.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1989.
 
 Before MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Brenda Warren appeals from the district court order affirming the Secretary of Health and Human Services' determination that she was not disabled and, therefore, not entitled to disability insurance benefits and supplemental security income. Claimant challenges the district court's decision only insofar as it relates to her application for disability insurance benefits. For the following reasons, we affirm the district court's judgment.
 
 I.
 
 2
 Warren filed her applications for disability insurance benefits and supplemental security income on September 5, 1985, alleging a disability onset date of January 1, 1983. The Secretary denied claimant's applications both initially and upon reconsideration. Claimant then requested a hearing before an Administrative Law Judge (ALJ), which commenced on September 2, 1986. The hearing was continued, in part because of claimant's crying during her testimony, and concluded on October 30, 1986.
 
 
 3
 The record indicates that Warren was born on February 25, 1956, and that she was thirty years old at the time of the hearing. She had completed one year of college, and had worked at various jobs including postal clerk, chair maker, packer, painter, janitress, and housekeeper and cook until January of 1983, when she injured her back by falling at work while she was mopping a floor. Claimant alleges that she suffers from lumbar myofascitis, post-traumatic cephalgia, an adjustment reaction with mild depressive features, and a passive-aggressive personality.
 
 
 4
 Upon reviewing the relevant medical evidence and claimant's testimony, the ALJ rendered his decision on January 25, 1987, concluding that Warren was not entitled to disability insurance benefits and supplemental security income. Initially, the ALJ determined that claimant had not engaged in substantial gainful activity since January 1, 1983, the alleged disability onset date. The ALJ found that claimant suffered from subjective symptoms of back pain, a mild and probably longstanding scoliosis, an adjustment reaction with mild depressive features, and a passive-aggressive personality disorder of slight to moderate proportions. Additionally, the ALJ found that claimant did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1. 20 C.F.R. Pt. 404, Subpt. P., App. 1. The ALJ determined that claimant's allegations of pain and dysfunction and emotional difficulty were not persuasive in light of minimal clinical findings, numerous inconsistencies, and claimant's demeanor. Further, the ALJ found that although claimant probably could return to some of her past relevant work, particularly the unskilled jobs as chair maker, packer, and painter, he would not base his decision on that finding. In order to determine whether claimant could perform other work, the ALJ noted that claimant was thirty-years old, which meets the definition of a younger individual; that claimant had completed high school and some college; that claimant was limited to unskilled work; and that claimant had the residual functional capacity to perform a limited range of unskilled work at all exertional levels, but particularly light and sedentary work. Using the medical-vocational guidelines as a framework and enlisting the aid of a vocational expert, the ALJ concluded that claimant was not under a disability.
 
 
 5
 Warren requested review of the ALJ's decision by the Appeals Council, but on April 29, 1987, the Appeals Council found no basis for review. Thus, the ALJ's decision became the final decision of the Secretary.
 
 
 6
 Warren then filed the present action for judicial review with the district court pursuant to 42 U.S.C. Sec. 405(g). Upon cross-motions for summary judgment, the case was referred to an United States Magistrate for a report and recommendation pursuant to 28 U.S.C. Sec. 636(b). The magistrate recommended affirming the Secretary's decision, which the district court did over claimant's objections in an order filed on March 14, 1988.
 
 
 7
 This timely appeal followed.
 
 II.
 
 8
 This court has jurisdiction on appeal to review the Secretary's decision pursuant to 42 U.S.C. Sec. 405(g), which specifies that the Secretary's factual findings are conclusive if supported by substantial evidence. " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), cert. denied, 461 U.S. 957 (1983). In determining whether the Secretary's findings are supported by substantial evidence, we must examine the evidence in the record "taken as a whole," Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980), and " 'must take into account whatever in the record fairly detracts from its weight.' " Beavers v. Secretary of Health Educ. & Welfare, 577 F.2d 383, 387 (6th Cir.1978) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam).
 
 
 9
 The claimant has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability as defined in 42 U.S.C. Sec. 423(d). If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied. 20 C.F.R. Sec. 404.1520(b). If the claimant is not found to have an impairment which significantly limits her ability to work (a severe impairment), then she is not disabled. 20 C.F.R. Sec. 404.1520(c). Since the ALJ found that Warren had not worked since January of 1983, and that she suffered from a severe impairment, further inquiry was necessary. If the claimant is not working and has a severe impairment, it must be determined whether she suffers from one of the "listed" impairments. 20 C.F.R. Sec. 404.1520(d). See 20 C.F.R. Sec. 404.1525(a). If so, benefits are owing without further inquiry. In the instant case, the ALJ found that Warren did not suffer from one of the listed impairments. In such a case, assuming the individual had previously worked, the Secretary must next decide whether the claimant can return to the job she previously held. 20 C.F.R. Sec. 404.1520(e). By showing "a medical basis for an impairment that prevents him from engaging in his particular occupation," the claimant establishes a prima facie case of disability. Hephner v. Mathews, 574 F.2d 359, 361 (6th Cir.1978). In the instant case, the ALJ was willing to assume that Warren was not capable of returning to her particular occupation.
 
 
 10
 At this step in the analysis, it becomes the Secretary's burden to establish the claimant's ability to work. Allen, 613 F.2d at 145. The Secretary must prove that, taking into consideration present job qualifications such as age, experience, education, and physical capacity, and the existence of jobs to match those qualifications, the claimant retains the capacity to perform a different kind of job. 20 C.F.R. Sec. 404.1520(f)(1); Heckler v. Campbell, 461 U.S. 458, 460 (1983). The Secretary's burden can, on occasion, be satisfied by relying on the medical-vocational guidelines, otherwise known as the "grid." See 20 C.F.R. Pt. 404, Subpt. P., App. 2. If the characteristics of the claimant do not identically match the description in the grid, however, the grid is used only as a framework or a guide to the disability determination. Kirk, 667 F.2d at 528. In the instant case, the ALJ found that claimant's characteristics did not identically match the description in the grid. Accordingly, the ALJ used the grid only as a guide to the disability determination.
 
 A.
 
 11
 Initially, Warren argues that the ALJ erroneously made the finding that her allegations of intractable and debilitating pain were incredible. We reject this argument.
 
 
 12
 With respect to pain, this court has previously held that subjective complaints of pain may support a claim for disability. Duncan v. Secretary of Health & Human Servs., 801 F.2d 847, 852 (6th Cir.1986). To support such claim, however, there must be objective medical evidence of an underlying medical condition in the record. Id. at 853. If this requirement is met, the court must also determine either that the objective medical evidence confirms the severity of the alleged disabling pain arising from the condition or that the objectively established medical condition is of such a severity that it can reasonably be expected to produce disabling pain. Id. Cf. McCormick v. Secretary of Health & Human Servs., 861 F.2d 998 (6th Cir.1988) (holding that Duncan applies to cases decided by the Secretary after the "sunset" of the Social Security Disability Reform Act of 1984).
 
 
 13
 In his findings, the ALJ determined that the medical evidence indicated that Warren suffered from a mild and probably longstanding scoliosis. This finding is supported by substantial evidence. Thus, Warren meets the first prong of the Duncan standard, i.e., there is objective evidence of an underlying medical condition.
 
 
 14
 The ALJ also found that Warren's subjective complaints of disabling pain were not supported by substantial evidence. This is tantamount to a finding that Warren has failed to meet the second prong of the Duncan standard. We hold that substantial evidence in the record supports this finding because neither of the alternative tests of the second prong of the Duncan standard is satisfied. For example, a report from the Sinai Hospital of Detroit dated November 28, 1983, indicates that there was no fracture or subluxation of the lumbosacral spine; the lumbar lordotic curvature was normal; there was no loss of vertebral body height or narrowing of intervertebral disc spaces. No congenital abnormalities were noted. No significant arthritic changes were demonstrated, and the sacroiliac joints had a normal appearance. Additionally, in his residual functional capacity assessment, Dr. Sobel reported that claimant had no spasm or neurological deficit. He concluded that claimant had chronic low back pain with minimal objective findings.
 
 B.
 
 15
 Warren also argues that the ALJ failed to accord enough weight to her subjective complaints of depression, and that he accorded too much weight to the medical opinion of Dr. Claire S. Colman, M.D., the only psychiatrist to evaluate claimant. We reject this argument.
 
 
 16
 Although we are willing to assume that subjective complaints of symptoms of a mental disorder such as depression just as subjective complaints of pain, may support a claim for disability, as with pain, there must be objective medical evidence of an underlying medical condition in the record. See 20 C.F.R. Secs. 404.1508; 404.1529.
 
 
 17
 In his findings, the ALJ determined that medical evidence indicated that Warren suffered from an adjustment reaction with depressive features and a passive-aggressive personality. The ALJ also found, however, that Warren's subjective complaints of symptoms of depression were not supported by substantial evidence. We hold that substantial evidence in the record supports this finding. For example, Dr. Colman reported that claimant exhibited a tendency to exaggerate her symptoms. Dr. Colman also reported that claimant's prognosis was fair. Although Dr. Colman was a consultative rather than a treating physician, she was the only psychiatrist or other mental health care professional to examine claimant.
 
 
 18
 For all of the forgoing reasons, the district court's judgment is AFFIRMED.