871 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John L. RUDE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1651.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1989.
 
 Before MERRITT and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 John Rude appeals from the district court's judgment affirming the Secretary of Health and Human Services' determination that he was not disabled and, therefore, not entitled to supplemental security income. For the following reasons, we affirm the district court's judgment.
 
 I.
 
 2
 This case has a protracted procedural history, which began when Rude filed his application for supplemental security income on September 5, 1984, alleging that he became disabled in 1979, due to back problems. The appeal focuses on claimant's subsequent allegation of a mental impairment.
 
 
 3
 In its most recent decision, the Appeals Council adopted the findings and conclusions of the Administrative Law Judge (ALJ) in the ALJ's recommended decision dated June 11, 1987. The ALJ had concluded that Rude was not entitled to supplemental security income.
 
 
 4
 Initially, the ALJ determined that claimant had not engaged in substantial gainful activity since March 4, 1979. The ALJ found that claimant suffered from a history of severe back injury and from a dysthymic disorder. Additionally, the ALJ found that claimant did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1. 20 C.F.R. Pt. 404, Subpt. P., App. 1. The ALJ determined that claimant's pain and physical and mental limitations were not of the severity which had been alleged. The ALJ found that although claimant could not perform his past relevant work, he had the residual functional capacity to perform the physical exertion and nonexertional requirements of moderately stressful work not requiring extensive contact with other people, except for work requiring lifting of weights of more than ten pounds, prolonged standing or walking, and possibly prolonged sitting. The ALJ further found that claimant's residual functional capacity for a full range of sedentary work was reduced by the possible need for a sit/stand option and the possible inability to do work of a highly stressful nature or requiring extensive contact with other people. Using the medical-vocational guidelines as a framework and enlisting the aid of a vocational expert, the ALJ concluded that claimant was not under a disability.
 
 
 5
 After the Appeals Council adopted the ALJ's decision, Rude filed the present action for judicial review by the district court pursuant to 42 U.S.C. Sec. 405(g). Upon cross-motions for summary judgment, the district court entered an opinion and judgment affirming the Secretary's decision.
 
 
 6
 This timely appeal followed. We must decide whether the Secretary's decision is supported by substantial evidence.
 
 II.
 
 7
 This court has jurisdiction on appeal to review the Secretary's decision pursuant to 42 U.S.C. Sec. 405(g), which specifies that the Secretary's factual findings are conclusive if supported by substantial evidence. See 42 U.S.C. Sec. 1383(c)(3). " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), cert. denied, 461 U.S. 957 (1983). In determining whether the Secretary's findings are supported by substantial evidence, we must examine the evidence in the record "taken as a whole," Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980), and " 'must take into account whatever in the record fairly detracts from its weight.' " Beavers v. Secretary of Health, Educ. & Welfare, 577 F.2d 383, 387 (6th Cir.1978) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam).[1]
 
 
 8
 The claimant has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability as defined in 42 U.S.C. Sec. 1382c(a)(3). If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied. 20 C.F.R. Sec. 416.920(b). If the claimant is not found to have an impairment which significantly limits his ability to work (a severe impairment), then he is not disabled. 20 C.F.R. Sec. 416.920(c). Since the ALJ found that Rude had not worked since March 4, 1979, and that he suffered from a severe impairment, further inquiry was necessary. If the claimant is not working and has a severe impairment, it must be determined whether he suffers from one of the "listed" impairments. 20 C.F.R. Sec. 416.920(d). See 20 C.F.R. Sec. 916.925(a). If so, benefits are owing without further inquiry. In the instant case, the ALJ found that Rude did not suffer from one of the listed impairments. In such a case, assuming the individual had previously worked, the Secretary must next decide whether the claimant can return to the job he previously held. 20 C.F.R. Sec. 416.920(e). By showing "a medical basis for an impairment that prevents him from engaging in his particular occupation," the claimant establishes a prima facie case of disability. Hephner v. Mathews, 574 F.2d 359, 361 (6th Cir.1978). In the instant case, the ALJ found that claimant could not perform his past relevant work as a machine operator, auto body shop worker and salesman/cashier.
 
 
 9
 At this step in the analysis, it becomes the Secretary's burden to establish the claimant's ability to work. Allen, 613 F.2d at 145. The Secretary must prove that, taking into consideration present job qualifications such as age, experience, education, and physical capacity, and the existence of jobs to match those qualifications, the claimant retains the capacity to perform a different kind of job. 20 C.F.R. Sec. 416.920(f)(1); Heckler v. Campbell, 461 U.S. 458, 460 (1983). The Secretary's burden can, on occasion, be satisfied by relying on the medical-vocational guidelines, otherwise known as the "grid." See 20 C.F.R. Pt. 404, Subpt.P., App. 2. If the characteristics of the claimant do not identically match the description in the grid, however, the grid is used only as a framework or a guide to the disability determination. Kirk, 667 F.2d at 528. In the instant case, the ALJ found that claimant's characteristics did not identically match the description in the grid. Accordingly, the ALJ used the grid only as a guide to the disability determination.
 
 
 10
 Claimant argues that the ALJ misread and failed to accord enough weight to the opinions and diagnoses of Dr. Kim, M.D., a consultative psychiatrist. We reject this argument.
 
 
 11
 Dr. Kim based his opinions on his diagnoses of a dysthymic disorder, a passive-aggressive personality disorder, and alcohol abuse. Although Dr. Kim reported that Rude's prognosis was poor, Dr. Kim's medical assessment of claimant indicates that in no area was claimant's ability to make occupational, performance, and personal-social adjustments similarly poor. For example, claimant's ability to follow work rules was reported to be fair, i.e., seriously limited, but not precluded; claimant's ability to understand, remember, and carry out complex job instructions and his ability to maintain his personal appearance were reported to be good, i.e., limited but satisfactory. Thus, while Dr. Kim was not optimistic about claimant's recovery, he did not indicate that claimant's condition prevented him from engaging in all substantial gainful activity.
 
 
 12
 Furthermore, Dr. Drescher, M.D., a non-examining physician, testified at claimant's third hearing that Dr. Kim's diagnoses of a passive-aggressive personality disorder and alcohol abuse were not adequately supported by the evidence relied on by Dr. Kim. Dr. Drescher's testimony, on which the ALJ relied, was supported by substantial evidence. For example, claimant had admitted to Dr. Kim that he "drank very much" from 1972-1976, but he stated that since 1976 he drank only occasionally. See also testimony of Andert, Ph.D., (Record at 68) (stating that although the record makes reference to a drinking problem, based on claimant's testimony as well as one doctor's he had not had a problem with drinking since 1976).
 
 
 13
 The ALJ's rejection of Dr. Kim's diagnoses of a passive-aggressive personality disorder and alcohol abuse is of no consequence. As we have indicated above, Dr. Kim's report would not support a finding of disability even if it were fully credited. Thus, the Secretary's decision is supported by substantial evidence.
 
 
 14
 For the foregoing reasons, the district court's opinion is AFFIRMED.
 
 
 
 [1]
 Claimant argues that because of its remedial purpose the Social Security Act is to be construed liberally in favor of granting benefits. We agree with this general statement; however, it does not impact our review in this case. See Carlson v. Secretary of Health & Human Servs., No. 85-1655 (6th Cir. Sept. 15, 1986) (unpublished) (stating that "[a]lthough the Social Security Act is a remedial statute, to be liberally applied, the findings of the ALJ are conclusive if supported by substantial evidence" (citations omitted))