876 F.2d 103
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Van L. BROOKS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1723.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1989.
 
 Before BOYCE F. MARTIN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Van L. Brooks, pro se, appeals from the district court's judgment affirming the Secretary of Health and Human Services' determination that he was disabled and, therefore, entitled to disability insurance benefits and supplemental security income commencing in June of 1985, but not commencing on June 1, 1983, his alleged disability onset date. For the following reasons, we affirm the district court's judgment.
 
 I.
 
 2
 Brooks filed his original applications for disability insurance benefits and supplemental security income on July 7, 1980. These applications alleged that claimant became disabled in May of 1979, due to a cervical and back condition. The Secretary denied the applications throughout the administrative process. Claimant filed an action for judicial review pursuant to 42 U.S.C. Sec. 405(g). The district court reversed the Secretary's final decision and remanded the case for an award of benefits from May of 1979, through December of 1981, and for a determination of claimant's disability after that period. After a hearing, on January 19, 1984, an Administrative Law Judge (ALJ) rendered a hearing decision which extended benefits through May 31, 1983, but no longer. Claimant did not appeal this decision beyond the administrative process.
 
 
 3
 Brooks filed his current applications for disability insurance benefits and supplemental security income on July 11, 1984. These applications allege that claimant became disabled on June 1, 1983, the day following the expiration of his previous award of benefits, due to a cervical condition, a knee injury, numbness in his upper body, and shortness of breath. Following a protracted administrative process, on September 26, 1986, an ALJ rendered a hearing decision which held that claimant was disabled and, therefore, entitled to disability insurance benefits and supplemental security income commencing in June of 1985, but not commencing on June 1, 1983, his alleged disability onset date.
 
 
 4
 Brooks requested review of the ALJ's decision by the Appeals Council, but on April 10, 1987, the Appeals Council found no basis for review. Thus, the ALJ's decision became the final decision of the Secretary.
 
 
 5
 Brooks then filed the present action for judicial review with the district court pursuant to section 405(g). Upon cross-motions for summary judgment, the case was referred to a United States Magistrate for a report and recommendation pursuant to 28 U.S.C. Sec. 636(b). The magistrate recommended affirming the Secretary's decision, which the district court did over claimant's objections in an order filed June 23, 1988.
 
 
 6
 This timely appeal followed. We must decide whether the district court correctly held that the Secretary's decision that Brooks was not disabled from June 1, 1983 until June of 1985 is supported by substantial evidence.
 
 II.
 
 7
 This court has jurisdiction on appeal to review the Secretary's decision pursuant to 42 U.S.C. Sec. 405(g), which specifies that the Secretary's factual findings are conclusive if supported by substantial evidence.[1] " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), cert. denied, 461 U.S. 957 (1983). In determining whether the Secretary's findings are supported by substantial evidence, we must examine the evidence in the record "taken as a whole," Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980), and " 'must take into account whatever in the record fairly detracts from its weight.' " Beavers v. Secretary of Health, Educ. & Welfare, 577 F.2d 383, 387 (6th Cir.1978) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam).
 
 
 8
 The claimant has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability as defined in 42 U.S.C. Secs. 423(d), 1382c(a)(3). If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied. 20 C.F.R. Secs. 404.1520(b), 416.920(b). If the claimant is not found to have an impairment which significantly limits his or her ability to work (a severe impairment), then he or she is not disabled. 20 C.F.R. Secs. 404.1520(c), 416.920(c). Since the ALJ found that Brooks had not worked since January of 1980, and that he suffered from severe degenerative joint disease, further inquiry was necessary. If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments. 20 C.F.R. Secs. 404.1520(d), 416.920(d). See 20 C.F.R. Secs. 404.1525(a), 416.925(a). If so, benefits are owing without further inquiry. In the instant case, the ALJ found that Brooks did not suffer from one of the listed impairments. In such a case, assuming the individual had previously worked, the Secretary must next decide whether the claimant can return to the job he or she previously held. 20 C.F.R. Secs. 404.1520(e), 416.920(e). By showing "a medical basis for an impairment that prevents him from engaging in his particular occupation," the claimant establishes a prima facie case of disability. Hephner v. Mathews, 574 F.2d 359, 361 (6th Cir.1978). In the instant case, the ALJ found that Brooks was unable to perform his past relevant work as a truck driver or as a mail sorter.
 
 
 9
 At this step in the analysis, it becomes the Secretary's burden to establish the claimant's ability to work. Allen, 613 F.2d at 145. The Secretary must prove that, taking into consideration present job qualifications such as age, experience, education, and physical capacity, and the existence of jobs to match those qualifications, the claimant retains the capacity to perform a different kind of job. 20 C.F.R. Secs. 404.1520(f)(1), 416.920(f)(1); Heckler v. Campbell, 461 U.S. 458, 460 (1983). The Secretary's burden can, on occasion, be satisfied by relying on the medical-vocational guidelines, otherwise known as the "grid." See 20 C.F.R. Pt. 404, Subpt.P., App. 2. If the characteristics of the claimant do not identically match the description in the grid, however, the grid is used only as a framework or a guide to the disability determination. Kirk, 667 F.2d at 528. In the instant case, the ALJ found that claimant's characteristics did not identically match the description in the grid. Accordingly, the ALJ used the grid only as a guide to the disability determination.
 
 A.
 
 10
 Initially, we address an argument made by the Secretary in support of at least partial affirmance. Early in his brief, the Secretary asserts that the issue of Brooks's disability through January 19, 1984, the date of the hearing decision on claimant's original applications, is res judicata. We disagree.
 
 
 11
 When the claimant presents the same claim in successive applications for benefits, the ALJ may apply the doctrine of administrative res judicata. 20 C.F.R. Secs. 404.957(c)(1), 416.1457(c)(1). The ALJ, however, is not compelled to do so. The regulations also authorize the ALJ to reopen prior determinations otherwise final because of failure to appeal under certain circumstances. 20 C.F.R. Secs. 404.987, 416.1487.
 
 
 12
 In Crady v. Secretary of Health & Human Services, 835 F.2d 617, 620 (6th Cir.1987) (per curiam), the claimant presented the same claim in three successive filings. Rather than apply the doctrine of administrative res judicata, the ALJ "reopened the prior application, as he may do even though there is no express statement that he has done so." Id. In that case,
 
 
 13
 [a]lthough Mr. Crady's third filing did not expressly request reopening, it again asserted an onset date of May 5, 1980. At the administrative hearing, the ALJ observed that Mr. Crady's claim for 'the same benefits' had been denied twice before. The ALJ stated 'I don't care what they've done before or why they've done it but I'll make an independent decision as to whether you are entitled to these benefits based upon the evidence received here to day....' The ALJ made an extensive analysis of the claimant's medical condition through mid-1982, a period as to which no benefits could have been awarded absent a reopening. The opinion [made] no reference to the prior adverse determinations, [did] not refer to res judicata, and [concluded] that there was no period of disability subsequent to the claimed onset date of May 5, 1980.
 
 
 14
 Id. (citation omitted).
 
 
 15
 The instant case is similar in many respects. Although Brooks did not request reopening expressly, he asserted an onset date of June 1, 1983, a date on which he previously had been determined to be not entitled to benefits. The ALJ made an extensive analysis of claimant's medical condition in 1983 and early 1984, a period as to which no benefits could have been awarded absent a reopening. The ALJ's decision finds that claimant met the disability insured status requirements of the Social Security Act on June 1, 1983, a finding which would be unnecessary absent reopening. Finally, the ALJ's decision does not refer to res judicata.
 
 
 16
 For these reasons, we disagree with the Secretary's assertion that the issue of Brook's disability through January 19, 1984, is res judicata.
 
 B.
 
 17
 Next, we address Brooks's arguments in support of reversal. Brooks argues that the Secretary failed to evaluate his impairments in combination. We disagree.
 
 
 18
 The ALJ evaluated Brooks's impairments in combination and found that "[t]he medical evidence establishes that the claimant has severe degenerative joint disease, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4." This finding indicates that the ALJ was aware of his duty to consider impairments in combination. See 20 C.F.R. Secs. 404.1523, 416.923. Furthermore, the ALJ's evaluation of evidence, particularly as it relates to the vocational expert who testified concerning various hypothetical combinations of impairments, indicates that the ALJ properly considered claimant's impairments in combination.
 
 
 19
 Brooks argues that the Secretary failed to consider that he could not perform his past relevant work as a truck driver or a mail handler. We disagree.
 
 
 20
 The ALJ expressly found that "[t]he claimant is unable to perform his past relevant work as a semi-skilled truck driver or as a mail sorter."[2] As we have noted above, this finding shifted the burden of proving claimant's ability to work to the Secretary. It did not, however, create an irrebuttable presumption of disability.
 
 
 21
 Brooks argues that the Secretary improperly relied on his four-month absence from the orthopedic clinic in 1984, while he was in another hospital. We disagree.
 
 
 22
 Although the magistrate referred to Brooks's absence from the orthopedic clinic in his report and recommendation, the Secretary did not rely on claimant's temporary absence from the orthopedic clinic. As we have indicated above, we review the final decision of the Secretary for substantial evidence.
 
 
 23
 Brooks makes several additional arguments, which need not be addressed at length. For example, he argues that the district court's opinion contains typographical errors. These arguments do not merit reversal.
 
 
 24
 For the foregoing reasons, we AFFIRM the district court's judgment in all respects.
 
 
 
 [1]
 Brooks argues that substantial evidence exists to support his claim of disability. We note that this argument fundamentally misconstrues our standard of review. We must decide not whether substantial evidence supports the claimant's position, but whether substantial evidence supports the Secretary's findings
 
 
 [2]
 Brooks also argues that the ALJ improperly referred to him as a "mail sorter," which is a job title reserved for new hires. We note that the ALJ used the terms "mail handler" and "mail sorter" interchangeably. Nonetheless, he properly considered the vocational expert's testimony that claimant's past postal work was heavy and semi-skilled