884 F.2d 578
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin R. BUNKER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 88-1822.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1989.
 
 Before WELLFORD and RYAN, Circuit Judges and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Marvin R. Bunker appeals from the district court's judgment affirming the Secretary of Health and Human Services' determination that he is not disabled and, therefore, not entitled to disability insurance benefits. For the following reasons, we affirm the district court's judgment.
 
 I.
 
 2
 Bunker filed his original application for disability insurance benefits on October 10, 1980, alleging a disability onset date of December, 1977. The Secretary denied this application both initially and upon reconsideration. Claimant failed to seek administrative review of the Secretary's reconsideration determination dated March 6, 1981. Thus, the reconsideration determination became the final decision of the Secretary.
 
 
 3
 Bunker filed his current application for disability insurance benefits on August 8, 1985, again alleging a disability onset date of December, 1977. The Secretary also denied this application both initially and upon reconsideration.
 
 
 4
 Claimant then requested a hearing before an Administrative Law Judge (ALJ), which was held on April 7, 1986. Claimant was fifty-three years old, approaching advanced age, see 20 C.F.R. Sec. 404.1563(c), at the time of the hearing, and had a limited education since he had attended school through the eighth grade. See 20 C.F.R. Sec. 404.1564(b)(3). Claimant's past relevant work was as a welder, but he had not worked for a substantial period after a December, 1977 work-related back injury forced him to quit.
 
 
 5
 The ALJ issued a decision dated April 15, 1986, which held that Bunker is not entitled to a period of disability or to disability insurance benefits. The ALJ found that claimant was last employed in December, 1977. Further, the ALJ found that claimant has a severe impairment, but that his impairments do not meet or equal any of the listed impairments. See 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ found that claimant's impairments have prevented him from performing his past relevant work. The ALJ found, however, that claimant has the capacity to perform light work. See 20 C.F.R. Sec. 404.1567(b). The ALJ then applied the medical-vocational guidelines as a framework and determined that claimant is not disabled. See 20 C.F.R.Pt. 404, Subpt. P, App. 2, Table 2, Rule 202.11.
 
 
 6
 Claimant filed a request for review of the ALJ's decision, which the Appeals Council denied on June 6, 1986. Thus, the ALJ's decision became the final decision of the Secretary.
 
 
 7
 Bunker then filed the present action for judicial review by the district court pursuant to 42 U.S.C. Sec. 405(g). Upon cross-motions for summary judgment, the district court entered an opinion and judgment dismissing the complaint.
 
 
 8
 This timely appeal followed. We must decide whether the district court properly held that the Secretary's decision is supported by substantial evidence.
 
 II.
 
 9
 This court has jurisdiction on appeal to review the Secretary's decision pursuant to 42 U.S.C. Sec. 405(g), which specifies that the Secretary's factual findings are conclusive if supported by substantial evidence. " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401, (1971)), cert. denied, 461 U.S. 957 (1983). In determining whether the Secretary's findings are supported by substantial evidence, we must examine the evidence in the record "taken as a whole," Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980), and " 'must take into account whatever in the record fairly detracts from its weight.' " Beavers v. Secretary of Health, Educ. & Welfare, 577 F.2d 383, 387 (6th Cir.1978) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam).
 
 
 10
 The claimant has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability as defined in 42 U.S.C. Sec. 423(d). If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied. 20 C.F.R. Sec. 404.1520(b). If the claimant is not found to have an impairment which significantly limits his or her ability to work (a severe impairment), then he or she is not disabled. 20 C.F.R. Sec. 404.1520(c). Since the ALJ found that Bunker had not worked since December, 1977, and that he suffered from lower back problems, further inquiry was necessary. If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments. 20 C.F.R. Sec. 404.1520(d). See 20 C.F.R. Sec. 404.1525(a). If so, benefits are owing without further inquiry. In the instant case, the ALJ found that Bunker did not suffer from one of the listed impairments. In such a case, assuming the individual had previously worked, the Secretary must next decide whether the claimant can return to the job he or she previously held. 20 C.F.R. Sec. 404.1520(e). By showing "a medical basis for an impairment that prevents him from engaging in his particular occupation," the claimant establishes a prima facie case of disability. Hephner v. Mathews, 574 F.2d 359 361 (6th Cir.1978). In the instant case, the ALJ found that Bunker was unable to perform his past relevant work as a welder.
 
 
 11
 At this step in the analysis, it becomes the Secretary's burden to establish the claimant's ability to work. Allen, 613 F.2d at 145. The Secretary must prove that, taking into consideration present job qualifications such as age, experience, education, and physical capacity, and the existence of jobs to match those qualifications, the claimant retains the capacity to perform a different kind of job. 20 C.F.R. Sec. 404.1520(f)(1); Heckler v. Campbell, 461 U.S. 458, 460 (1983). The Secretary's burden can, on occasion, be satisfied by relying on the medical-vocational guidelines, otherwise known as the "grids." Kirk, 667 F.2d at 528-29. See 20 C.F.R.Pt. 404, Subpt. P., App. 2. If the characteristics of the claimant do not match the description in the grids identically, however, the grids are used only as a framework or a guide to the disability determination. Kirk, 667 F.2d at 528. In the instant case, the ALJ found that claimant's characteristics identically matched the description in the grids. Accordingly, the ALJ relied on the grid to satisfy his burden of proof.
 
 
 12
 We address Bunker's arguments in support of reversal. Bunker first argues that his application for disability insurance benefits should be amended to reflect an onset date of April, 1980. We hold that this proposed amendment is unnecessary.
 
 
 13
 The ALJ evaluated Bunker's medical condition through April 15, 1986, the date of the hearing decision. Furthermore, in his hearing decision the ALJ found that claimant was not disabled "at any time up through the date of this decision." (Emphasis added). Thus, the ALJ considered the possibility that claimant might have an onset date different from the alleged date of December 1977, and amendment of claimant's application for benefits is unnecessary.
 
 
 14
 Bunker next argues that substantial evidence does not support a finding that his impairments fail to meet or equal the listing for arthritis of a major weight-bearing joint contained in 20 C.F.R. Part 404, Subpt. P, App. 1, Sec. 103(A). We disagree.
 
 Section 103(A) requires the following:
 
 15
 Arthritis of a major weight-bearing joint (due to any cause):
 
 
 16
 With history of persistent joint pain and stiffness with signs of marked joint limitation of motion or abnormal motion of the affected joint on current physical examination. With:
 
 
 17
 A. Gross anatomical deformity of hip or knee (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) supported by x-ray evidence of either significant joint space narrowing or significant bony destruction and markedly limiting ability to walk and stand....
 
 
 18
 Dr. Saeed Humayun, M.D., examined Bunker on November 11, 1980. He reported that claimant had no history of soreness in the knee joints, stiffness or heat. Furthermore, Drs. Albert H. Meinke, M.D., and Richard H. Schneider, M.D., each examined claimant in August, 1985. Dr. Schneider reported that claimant's range of motion was within normal limits. Dr. Meinke reported that claimant was able to walk without significant limitation. Both doctors agreed that claimant was able to bear weight without the use of a cane or other ambulatory aid. Although Dr. Bernard Z. Reizner, M.D., reported considerable narrowing in the right knee in November, 1980, Dr. Reizner noted that claimant had no bony destructive lesions. Claimant, himself, testified that he had not sought treatment for his knee problem for approximately one year prior to his hearing, i.e., the previous spring. Claimant also testified that his knees were a little better since he lost approximately sixty pounds.
 
 
 19
 For these reasons, we disagree with claimant's assertion that substantial evidence does not exist to support a finding that his impairments fail to meet or equal the listing for arthritis of a major weight-bearing joint.
 
 
 20
 Finally, Bunker argues that substantial evidence does not support a finding that he retains the residual functional capacity to perform a full range of light work. We disagree.
 
 
 21
 As we have noted above, when the claimant's characteristics identically match the description in the grids, the ALJ may rely on the grids without resort to a vocational expert. The grids allows the Secretary to meet his burden of proof on the issue of claimant's ability to work without identifying specific jobs in the national economy which the claimant can perform. See Kirk, 667 F.2d at 529-30.
 
 
 22
 In the instant case, the ALJ noted that claimant's treating physicians have not found his knee problems to be significantly restrictive. This finding is supported by substantial evidence. For example, Dr. Humayun concluded that claimant's knee problems have not "caused much limitation or restriction of activities for this patient." The ALJ did find that claimant had no transferable skills. Accordingly, he applied a rule on the grid which took claimant's lack of transferable skills into account. The Secretary need not consider whether claimant would be hired if he applied for work. 20 C.F.R. Sec. 404.1566.
 
 
 23
 For the foregoing reasons, we AFFIRM the district court's judgment.