943 F.2d 51
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rowland HATCHETT, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-3975.
 United States Court of Appeals, Sixth Circuit.
 Sept. 4, 1991.
 
 Before MERRITT, Chief Judge, BOGGS, Circuit Judge, and HULL, District Judge.*
 MERRITT, Chief Judge.
 
 
 1
 Plaintiff appeals the District Court's judgment affirming the final decision of the Secretary denying his application for disability insurance benefits, 42 U.S.C. § 401 et seq., and supplemental security income, 42 U.S.C. § 1381 et seq. We reverse and remand.
 
 BACKGROUND
 
 2
 At the time of his administrative hearing, plaintiff was 42 years old. He received education through the twelfth grade. His most recent work experience was with the Jones and Laughlin Steel Company as a mold setter and custodian. In the past, he has also worked as a material handler, lift truck operator and maintenance man.
 
 
 3
 Plaintiff has problems with his knee, back, stomach, and "nerves." The ALJ established that plaintiff has severe impairments of: torn medial meniscus of the right knee; status post-arthroscopy and medial meniscectomy; and lower back syndrome. There is no doubt from the record that plaintiff suffers some pain associated with his knee and back, although the ALJ found plaintiff's pain, by itself, not to be disabling. Since 1982, plaintiff has seen an orthopedist, Dr. Zaas, approximately 40 times concerning his knee, back and associated pain. On Dr. Zaas's recommendation, plaintiff has even had a CAT scan (which revealed nothing abnormal) to try to determine the cause of his pain. In addition, he has been admitted to the hospital at least twice for pain, including once as an outpatient at the Pain Center at St. Luke's Hospital which apparently assists people in dealing with long-term pain. Plaintiff stated that his back problem began in 1965, when he injured it in an unspecified manner while working as a punch press operator. In 1982, he hurt his right knee and aggravated his back when he slipped and fell while working at Jones and Laughlin. After the fall, doctors operated on his knee.
 
 
 4
 Both the ALJ and the District Court rejected plaintiff's claim for disability benefits and SSI.
 
 I.
 
 5
 Upon appeal, this Court must review the final decision of the Secretary to determine whether the Secretary has complied with the applicable legal criteria and whether substantial evidence exists on the record to support the necessary findings. Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir.1990); Blankenship v. Bowen, 874 F.2d 1116, 1120 (6th Cir.1989). In order to be substantial, the evidence must be such that "a reasonable mind might accept [it] as adequate to support a conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971), and it must be "based on the record as a whole." Garner v. Heckler, 745 F.2d 383, 388 (6th Cir.1984) (citation omitted). It is the Secretary's duty, and not the reviewing court's, to weigh the evidence, resolve material conflicts in the testimony, and to determine the case accordingly. Richardson, 402 U.S. at 390, 391. Because the Appeals Council declined to review the ALJ's decision, we must review the ALJ's opinion as the final decision of the Secretary. See Mullen v. Brown, 800 F.2d 535, 538 (1986) (en banc).
 
 
 6
 The ultimate burden of proving disability under the statute rests with plaintiff. 42 U.S.C. § 423(d)(5)(A). All parties agree that plaintiff has not worked since the onset of his disability, that he has several severe impairments (as described above), but that none of these impairments are "listed" under 20 C.F.R. §§ 404.1520(d), 416.920(d), which would have led automatically to a finding of disability. Following regulatory procedure, the ALJ did find that plaintiff made out a prima facie case of disability because he was medically prevented from performing his previous job at Jones and Laughlin. See Hephner v. Mathews, 574 F.2d 359, 361 (6th Cir.1978). Accordingly, the Secretary then had the burden of coming forth with evidence proving that plaintiff had the capacity to perform a different job in the economy. See id.; Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980). The ALJ found that the Secretary met this burden by relying on the "grid." Finding that plaintiff had the residual functional capacity to perform medium exertional work, and that plaintiff suffered from no non-exertional limitations, the ALJ used plaintiff's age, education level and work experience, along with the determination that plaintiff could perform medium work, in the "grid" in order to find the plaintiff was "not disabled."
 
 
 7
 After the initial rejection of his application for benefits, plaintiff submitted additional evidence to HHS regarding his disability, but the Appeals Council declined to review the ALJ's decision. Plaintiff then sought review by the District Court. Both the U.S. Magistrate, to whom the matter was initially referred, and the District Court agreed with the Secretary's determination. However, both the Magistrate and the District Court seem to reject the Secretary's finding that plaintiff had the residual functional capacity to do medium exertional work, instead suggesting that the record more plausibly supported a finding that plaintiff could perform sedentary work. Assuming that plaintiff could perform only sedentary work, and using plaintiff's age, skill level and educational level, the District Court concluded plaintiff was not disabled based on the "grid."
 
 II.
 
 8
 As an initial matter, we must determine whether there is substantial evidence on the record to support the Secretary's determination that plaintiff could perform medium exertional work. Although such determination does not end our inquiry, we find insufficient evidence to support the Secretary's finding.
 
 
 9
 The relevant regulations define medium work as "involv[ing] lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). Furthermore, regarding medium work, the Secretary has stated that:
 
 
 10
 [t]he considerable lifting required for a full range of medium work usually requires frequent bending-stooping.... Flexibility of the knees as well as the torso is important for this activity.... In most medium jobs, being on one's feet for most of the workday is critical. Being able to do frequent lifting or carrying of objects weighing up to 25 pounds is often more critical than being able to lift up to 50 pounds at a time.
 
 
 11
 SSR 83-10.
 
 
 12
 Dr. Zaas, plaintiff's treating physician, evaluated plaintiff's physical capacity and concluded plaintiff should never lift objects over 20 pounds and that only occasionally should he lift objects weighing between 10 and 20 pounds. This determination by Dr. Zaas is in direct conflict with the requirements of 20 C.F.R. § 404.1567(c). Furthermore, there is considerable evidence in the record to suggest that plaintiff has difficulty stooping and flexing his knees, abilities important to the performance of medium work as noted in SSR 83-10. The only evidence in the record which suggests plaintiff can perform medium work is in Dr. Cho's residual functional capacity assessment of August 21, 1985, in which Dr. Cho stated that plaintiff occasionally could lift and carry up to 50 pounds and frequently could lift and carry up to 25 pounds.
 
 
 13
 It is undisputed that Dr. Zaas is plaintiff's treating physician and that Dr. Zaas has seen plaintiff at least 40 times during a course of treatment which has lasted several years. The only other evidence on this issue was provided by Dr. Cho, who apparently has seen plaintiff only once at the Secretary's insistence. It is well-established that the expert opinions of the treating physician regarding a claimant's disability are entitled to "weight substantially greater than that of a doctor who has seen the claimant only once." Hephner, 574 F.2d at 362. While such opinions are not binding on the fact-finder if "contradicted by substantial evidence to the contrary," Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927 (6th Cir.1987) (per curiam), we cannot say that substantial evidence exists to support the Secretary's finding that plaintiff could perform medium work. The Secretary made no explanation whatsoever for rejecting the treating physician's medical evaluation of plaintiff's physical capabilities and for accepting instead the medical evaluation of Dr. Cho.
 
 III.
 
 14
 In the alternative, the Secretary argues that if plaintiff did not possess the residual functional capacity to perform medium work, then plaintiff nonetheless had the capacity to perform sedentary work and, as the District Court found, plaintiff still would not be deemed disabled using the "grid." Where plaintiff suffers only from an impairment limiting his strength, the Secretary can satisfy his burden of proving plaintiff can perform jobs in the national economy by relying on the grid. See Abbott, 905 F.2d at 926. If the grid may be used, the Secretary is correct insomuch as plaintiff would not be found to be disabled based on his skill level, age, educational level and his ability to perform sedentary work. However, where claimant suffers from an impairment that significantly decreases his capacity to work, but does not limit claimant's strength, application of the grid is inappropriate. Id. Because plaintiff suffers from certain physical problems which do not manifest themselves in a reduction of plaintiff's strength, we find that the Secretary erred in relying on the "grid" to determine plaintiff's disability status and remand for further fact-finding, particularly for testimony by a vocational expert.
 
 
 15
 The Secretary has defined sedentary work as "involv[ing] lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools." 20 C.F.R. § 404.1567(a). Neither plaintiff nor defendant contends that plaintiff is unable to lift the weights required for a sedentary job. However, sedentary jobs generally require that a person be able to sit for approximately 6 hours out of an 8-hour day. See Wages v. Secretary of Health and Human Services, 755 F.2d 495, 498 (6th Cir.1985); Ferrasis v. Heckler, 728 F.2d 582, 587 (2d Cir.1984); see also SSR 83-10. On the record, there is substantial evidence from the treating physician, Dr. Zaas, as well as from Dr. Cho, that plaintiff could sit for a total of 6 hours in an 8-hour day.
 
 
 16
 However, Dr. Zaas qualified his assessment by noting that plaintiff could sit for only half an hour at a time. Based on the record before us, we do not think that substantial evidence exists to support a finding that the treating physician erred in stating that plaintiff can sit for only half an hour at a time. Without explaining the disparity in the reports of Drs. Cho and Zaas, and in the absence of collaborating medical evidence supporting Dr. Cho's assessment, the Secretary cannot simply disregard the treating physician's medical determination that plaintiff could not sit for over an hour at any one time. See Hephner, 574 F.2d at 362. Dr. Cho's report provides the only evidence contradicting the treating physician's opinion, and, once again, we find that the Secretary improperly disregarded the treating physician's opinion on plaintiff's disability in favor of Dr. Cho's opinion without explanation. In light of our opinion in Wages, and because of treating physician's diagnosis that plaintiff must be allowed to alternate between sitting and standing every 30 minutes, the Secretary's decision must be reversed and the case remanded for testimony of a vocational expert as to whether jobs exist in the national economy for a person with plaintiff's characteristics (including plaintiff's inability to sit for periods longer than 30 minutes at a time). See Wages, 755 F.2d at 497 (quoting from SSR 83-12) ("most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a [vocational expert] should be consulted to clarify the implications for the occupational base").
 
 
 17
 Accordingly, the decision of the Secretary is REVERSED and REMANDED.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief Judge for the United States District Court for the Eastern District of Tennessee, sitting by designation