961 F.2d 1576
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael J. DUFFEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-2081.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1992.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr., and SILER, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Michael J. Duffey appeals from the judgment of the District Court affirming the determination of the Secretary of Health and Human Services that Duffey is not entitled to social security benefits because he is not under a disability as defined at 42 U.S.C. § 423(d)(1)(A). Because the findings of fact by the administrative law judge (ALJ) are inconsistent on the dispositive issue of Duffey's subjective complaints of pain, we reverse and remand to the ALJ with instructions to clarify the inconsistencies in his findings.
 
 
 2
 Michael J. Duffey is a 50 year old man (48 at the time of the ALJ's evaluation) with a high school diploma and four year apprenticeship training as a sheet metal worker. He was injured on the job on June 13, 1986, when he lacerated a tendon in his right (dominant) arm. After an operation, he underwent fourteen weeks of physical therapy then returned to light work in October of 1986, working out of the Union Hall for employers such as Bechtel and General Motors. Duffey worked until December 1987 when he was laid off after completing a job. He decided not to return to work as scheduled because of continuing problems with his arm. He also claimed that side effects from his prescribed pain medication, including drowsiness, anxiety, and tension headaches, interfered with his ability to work.
 
 
 3
 Duffey filed an application for disability benefits on January 5, 1989. The Social Security Administration rejected Duffey's initial application for benefits. Duffey requested and received a hearing before an administrative law judge who also denied the application for benefits. The Appeals Council denied claimant's request for review of the ALJ's decision, instead allowing that decision to stand as the decision of the Secretary. Following the Secretary's final denial of benefits, Duffey filed this case in Federal District Court. On review, the Magistrate Judge found that the decision of the ALJ was supported by substantial evidence. The District Court adopted the Magistrate's report and recommendation and granted summary judgment to the Secretary. Duffey now appeals the judgment of the District Court. On appeal, we must affirm the decision of the Secretary if it is supported by substantial evidence. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 851 (6th Cir.1986).
 
 
 4
 Three doctors have treated Duffey since his accident. All three noted a loss of strength and function in his right arm. The doctors uniformly agreed that the claimant could not perform any work that required more than assistive use of his right arm. At least one doctor stated that the claimant is permanently and totally disabled for work in his own field and is ill suited for retraining.
 
 
 5
 Dr. Hui, an orthopedic hand specialist who saw Duffey on a few occasions between January and March, 1988, noted that only one tendon had been lacerated and that it was successfully repaired. He recommended physical therapy and prescribed two different pain killers.
 
 
 6
 Dr. Karr examined the claimant on July 19, 1988. He concluded that Duffey had considerable loss of function in his right hand with residual pain. Dr. Karr noted that the claimant could not perform work with his right arm. In a letter to the Union Manager, Dr. Karr reported that Duffey was totally disabled for work in his own field and that he was a poor candidate for retraining.
 
 
 7
 The third physician, Dr. True, reported that Duffey complained to him of "off and on" headaches. He noted that the claimant cannot perform even simple tasks with his right arm and prescribed medication for headaches and nerves. He did not think that Duffey's potential for rehabilitation was high.
 
 
 8
 The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act further states that:
 
 
 9
 An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the economy.
 
 
 10
 42 U.S.C. § 423(d)(2)(A).
 
 
 11
 The primary issue in this case concerns the credibility of the plaintiff's subjective complaints of pain and physical impairment. The plaintiff established a prima facie case of disability by showing a medical basis for an impairment that prevents him from engaging in his particular occupation. See Hephner v. Mathews, 574 F.2d 359, 361 (6th Cir.1978). The Secretary, through a vocational expert, then attempted to rebut the plaintiff's claim of disability by showing that plaintiff is capable of engaging in gainful employment and that there are jobs for the claimant to perform. See Id.
 
 
 12
 It is undisputed that Duffey is unable to return to his former occupation as a sheet metal worker. The question then becomes whether he is able to engage in any other kind of substantial gainful work in the economy. A vocational expert testified at the administrative hearing that taking into account only the claimant's limited use of his right arm, claimant is capable of performing between six and seven thousand light, unskilled jobs in the local economy. If Duffey's other complaints, such as chronic pain, sleeplessness, tension, headaches, and anxiety are valid, the vocational expert testified that the claimant probably would be unable to work depending on the relative severity of such complaints.
 
 
 13
 In his findings the ALJ stated that the medical evidence establishes that Duffey suffers severe residual pain and weakness as a result of the injury to his arm. The ALJ also stated that Duffey's subjective complaints of pain and disabling side effects from medication are not credible. These two statements are inherently inconsistent. The inconsistency cannot be overlooked because the ALJ's credibility determination as to the claimant's subjective complaints of pain is the dispositive issue in this case. Although the limited use of the claimant's arm does not by itself constitute disability, if Duffey's pain is severe, then he is disabled according to the testimony of the vocational expert, the Secretary's own witness. Because the ALJ's findings on the credibility issue are contradictory, we are led to conclude that his determination of no disability is not supported by substantial evidence.
 
 
 14
 Accordingly, we REVERSE the judgment of the District Court. We REMAND the case to the ALJ with instructions that he reconsider the case, then determine whether the claimant suffers severe residual pain. If so, the ALJ should explain the nature of that pain and why it does or does not constitute a disability under 42 U.S.C. § 423(d)(1)(A).